(No. 32916.—

ROSA SIMMON, Appellant, *vs.* IOWA MUTUAL CASUALTY COMPANY, Appellee.

*Opinion filed May 24, 1954—Rehearing denied September 20, 1954.*

EAGLE & EAGLE, of Rock Island, for appellant.

SOLLO, GRAHAM & CALIFF, of Moline, (ROBERT G. GRAHAM, of counsel,) for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

We have granted the petition for leave to appeal from the Second District Appellate Court. The decision of that court reversed the judgment of the circuit court of Rock Island County which had found the issues in favor of the appellant and plaintiff. Appellant will hereafter be referred to as plaintiff and appellee as defendant.

The uncontroverted facts in this case disclose that on June 30, 1948, plaintiff, Rosa Simmon, received personal injuries as a result of being struck by an automobile driven by one James Burke. In broad daylight Burke propelled the automobile off of a highway and struck plaintiff, who had been standing alongside the highway. Upon being arrested and jailed for the incident he later entered a plea of guilty to drunken driving. The automobile involved was owned by Burke's wife, who carried a liability policy covering its operation with the defendant, Iowa Mutual Casualty Company. Plaintiff was hospitalized for a week, was then confined to her bed for another week, and was not able to get around very well for the next two weeks. On August 7, 1948, plaintiff's attorney wrote to an agent of defendant advising him that he had written insurance on the car which struck plaintiff and of the date of the accident. The letter advised the name and address of the driver, that plaintiff received serious personal injuries and

that said driver was under the influence of intoxicating liquor.

The following day defendant's agent replied by a telephone response to plaintiff's attorneys and asked for further information concerning the accident. The desired information was given and the agent stated that the matter would be turned over to the defendant's adjusters. On the following August 24, plaintiff's attorneys wrote to the adjusters advising of their intention to file suit by September 1 unless a reasonable settlement was made. It was there stated that the case was a clear one which should be settled and an offer was made to make available names of all witnesses in their files. This letter also offered to have plaintiff give a statement of the facts prior to filing suit. Suit was filed September 1,1948.

Between the time of the accident and the date of filing suit the assured made two premium payments on her policy but failed to give notice to defendant of the accident. After summons was served upon James Burke, the Burkes retained their own attorney, who, on September 9, 1948, by letter, requested defendant to defend the action and offered the co-operation of himself and his clients. Copies of the complaint and summons were enclosed with the letter. The defendant failed to assume the defense of the case and Burke did not defend. The trial court heard the evidence of plaintiff on October 11, 1948, and entered judgment in her favor against James Burke in the amount of $7000.

Execution on the judgment was returned showing James Burke to be without property and thereupon plaintiff instituted her action against the defendant under the provisions of section 388 of the Insurance Code permitting direct action by an injured person against the insurance company. Defendant relied upon the terms of its policy requiring its assured to give written notice of the accident. The policy conditions require this notice to be given by

or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice was to contain particulars sufficient to identify the insured and also reasonably obtainable information concerning the accident, names and addresses of injured persons and available witnesses. The policy also provides that no action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of the policy. As against this defense, plaintiff contended that reasonable notice had been given to the defendant and that further, under any circumstances, defendant was absolutely liable to her up to $5000 by virtue of the provisions of the Illinois Financial Responsibility Act.

The issues were presented to the trial court, sitting without a jury, and the trial judge found from the evidence that defendant had been given reasonable notice and thereupon entered judgment in favor of plaintiff for $7000. In reversing the trial court's judgment the Appellate Court held that plaintiff's suit was barred by reason of the insured's failure to give reasonable notice to defendant. Plaintiff now assigns error in that the Appellate Court refused to recognize notice given defendant by the injured party and refused to concern itself with plaintiff's contention of defendant's absolute liability up to $5000 by virtue of the Illinois Financial Responsibility Act.

Both parties agree that a notice to the company is required. They disagree as to the party entitled to give the notice. It cannot be seriously contended, under the circumstances of this particular case, that the notice was not given within a reasonable time. The trial court heard the evidence and this court is without power to set aside his factual finding where it is not against the manifest weight of the evidence. In *Higgins* v. *Midland Casualty Co.* 281 Ill. 431, at 440, (where more than one year elapsed before notice was given,) we declared, "We think it was a ques-

tion for the jury as to whether or not the notice was given within a reasonable time, taking into consideration all the facts and circumstances shown by the evidence, * * *." We are in agreement with the contention that lack of prejudice may be a factor in determining the question of whether a reasonable notice was given in a particular case yet it is not a condition which will dispense with the requirement.

Automobile insurance has taken an important position in the modern world. It is no longer a private contract merely between two parties. The greater part of litigation in our trial courts is concerned with claims arising out of property damage, personal injury or death caused by operation of motor vehicles. The legislatures of all our States have recognized the hazards and perils daily encountered and as a result have enacted various pieces of legislation aimed at the protection of the injured party. Financial Responsibility acts, Unsatisfied Judgment Fund acts, and other similar laws are direct results of this concern. That the general welfare is promoted by such laws can be little doubted. Government and the general public have an understandable interest in the problem. Many persons' injured and disabled from automobile accidents would become public charges were it not for financial assistance received from the insurance companies.

Conceding that the insurance company is entitled to reasonable notice to protect its interests, when such notice is given by a person other than the assured is the company then without liability in the event the injured party is entitled to a recovery? We do not feel that such a harsh result should follow, nor that it was in fact intended by the contracting parties. A strict agency is not contemplated. If a police officer or a third party were to give notice for the assured, although not requested to do so, it would be idle to contend that it was not done on behalf of the assured. Volunteers who have no personal

interest in the matter often do acts "for or on behalf" of another without request or authorization. The tenets of brotherhood will certainly not be discouraged by a court of justice. We perceive no inherent wrong in the injured person doing such an act.

It does not matter who gives the notice, as long as a notice is given, according to Appleman on Automobile Liability Insurance at page 240. The text continues on page 241, "Since the standard policy reads 'by or on behalf of the insured' there should be no difficulty in interpretation of this clause. It is a broad, liberal statement embodying the result of the present judicial authority and permits anyone, acting for the insured, to give such notice. As to whether or not the claimant, who in reality acts for himself, could give such notice a different question might arise. There seems to be no reason in logic why such notice should not be effective. If the insurer believes fraud or collusion to exist, or desires to plead that the insured has not properly co-operated, that defense is more properly raised under the co-operation clause than hereunder." As regards the rights against the insurer of an injured person under a statutory or policy provision giving to him a right of action on the policy, his own giving of notice of accident, etc., sufficiently complies with a condition in the policy requiring "an assured" (or "the insured") to give notice of the accident, *etc.* 76 A.L.R. 18; 18 A.L.R. (2) 458.

Where the right of the injured person to recover against the insurer is dependent upon the terms and limitations of the policy, a breach of a clause for giving notice of accident or furnishing proofs of loss will defeat the rights of the injured person against the insurer, unless the breach is waived or the insurer is estopped to assert it, or unless notice of accident is given by the injured person. (29 American Jurisprudence, 818, Insurance, sec. 1091.) In *Slavens* v. *Standard Acc. Ins. Co.* (C.C.A. 9th) 27 Fed.

2d 859, the court said "In fire and life insurance it is generally held that a stipulation of the policy as to the person by whom notice is to be given is of the essence of the contract. * * * But exceptions are recognized in cases where notice of proofs of loss are made by the real party in interest, although he is not the named assured, but his rights are such that he is held to be the assured within the meaning of the policy. We think that the plaintiff [injured third party] herein is a beneficiary of the insurance policy and a real party in interest, and that his compliance with the condition of the policy as to prompt notice and information was sufficient to authorize him to bring the present action, and that he could not be deprived of his rights under the policy by Weinshimer's [the insured's] failure to act."

Both justice and reason lend support to the foregoing declarations which, together with other decisions cited in the foregoing texts, give substance priority over form.

We deem it unnecessary to pass on the plaintiff's alternate contention in view of this holding. For the reasons stated, the judgment of the Appellate Court, being in error, is reversed and the judgment of the circuit court of Rock Island County is affirmed.

*Appellate Court reversed; circuit court affirmed.*

Mr. JUSTICE HERSHEY, dissenting:

I dissent from the majority opinion for the reason that it is contrary to established principles of law. The opinion of the Appellate Court, Second District, in this cause reported in 350 Ill. App. 1, and here on appeal, correctly applies the law and should be affirmed.

Mr. JUSTICE KLINGBIEL took no part in the consideration or decision of this case.