NORTHLAND INSURANCE COMPANY, Plaintiff-Appellee, *v.* JAMES HAWK *et al.*, Defendants.—(JAMES HAWK, Defendant-Appellant.)

First District (5th Division)    No. 77-439

Opinion filed April 7, 1978.

Arnold and Kadjan, of Chicago (Daniel N. Kadjan, of counsel), for appellant.

Sam L. Miller, Ltd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal by defendant James Hawk (Hawk) from an order refusing to vacate a default judgment where the trial court found that coverage under a motor vehicle liability insurance policy was not in effect on a particular date.

It appears that Klor's Express, Inc., a corporation (Klor's) leased a tractor-trailer combination to D&T Trucking Company (D&T) which, while being driven by Elmer K. Wood (Wood), an employee of Klor's, was involved in a collision with a motor vehicle operated by Hawk. The policy in question, which was issued by plaintiff to Klor's, excluded coverage (a) while the vehicle was leased; and (b) when liability is assumed by its insured (Klor's) under a contract or agreement.

In its complaint for declaratory judgment, plaintiff attached a copy of the truck lease agreement and, based upon the exclusions mentioned above, it asked for a declaration that Klor's and Wood were not entitled to coverage under its policy for the Hawk accident; that it was not required to defend any suit by Hawk or pay any judgment obtained by him; and that Hawk, Wood and Klor's be enjoined from prosecuting any action against plaintiff under the provisions of the policy. Named as defendants in the action were Klor's, D&T, Hawk and Wood. The first three were served with summons, and Hawk and D&T appeared but Klor's did not. Wood was never served with summons and did not participate in the case.

The trial court, in entering a default judgment only against Klor's, declared that because coverage did not apply while the truck was leased, the policy was not in force on May 2, 1973 (the date of the Hawk accident); and that plaintiff was not obligated to furnish a defense to Klor's or pay any judgment in favor of Hawk against Klor's. Hawk moved to vacate the judgment, asserting that it was void because Wood, a named defendant and the driver of the vehicle involved, was an indispensable party to the action. After a hearing, the motion was denied, and this appeal was taken by Hawk who contests only the finding of the court that the policy was not in force on May 2, 1973.

OPINION

The sole question presented on review is whether Wood, an insured under the policy in question but not the named insured, was an indispensable party.

■■ Courts of review place special emphasis on the requirement of joinder of all necessary parties to avoid constitutional infringements, but they do not automatically conclude that any individual or entity claiming an interest in the controversy is necessary for its determination. (*Stavros v. Karkomi* (1976), 39 Ill. App. 3d 113, 349 N.E.2d 599.) The quality of an interest of the absent party is to be determined from the issues of the case as formulated by the pleadings and the evidence before the court. *McDonald's Corp. v. Smargon* (1975), 31 Ill. App. 3d 493, 334 N.E.2d 385.

While it has been held that claimants against an insured are ordinarily necessary parties to actions in which questions of liability coverage are litigated (*Williams v. Madison County Mutual Automobile Insurance Co.* (1968), 40 Ill. 2d 404, 240 N.E.2d 602; *American Home Assurance Co. v. Northwest Industries, Inc.* (1977), 50 Ill. App. 3d 807, 365 N.E.2d 956), the parties in their briefs have referred us to no decisions specifically holding that an insured, as distinguished from a named insured, is an indispensable party in an action to determine coverage under a motor vehicle liability insurance policy.

■■ In this regard, defendant relies solely on *Safeway Insurance Co. v. Harvey* (1976), 36 Ill. App. 3d 388, 391, 343 N.E.2d 679, 682, in which the court proposed the following test to determine whether one is an indispensable party:

> "If the interest of an absent party in the matter in controversy is such that no judgment could be entered which would do justice between the parties actually before the court without injuriously affecting the rights of such absent party, that party is indispensable. [Citation.]"

Defendant asserts that Wood was the driver of the truck involved in the collision and, with the policy not covering him on the date of the Hawk accident, a judgment against him would necessarily injuriously affect his rights. Thus, he maintains that under the test of *Safeway*, Wood would be an indispensable party. *Safeway* involved a declaratory judgment action to adjudicate the rights of an insurance company, but its named insured was not served with summons and did not appear. Plaintiff argues that there is an irreconcilable difference between *Safeway* and the instant case, because of the fact that the named insured was not served in *Safeway* but was served here. We do not view this as a controlling distinction, and we believe that the test as expressed in *Safeway* should be applied here. Our belief in this regard is buttressed by the reasoning in *Oglesby v. Springfield Marine Bank* (1944), 385 Ill. 414, 52 N.E.2d 1000, where it was held that if the interest of an absent party is such that no judgment could be entered which would do justice between the parties actually before the court without injuriously affecting the rights of such absentee party, that party is indispensable, and in *Hobbs v. Pinnell* (1959),

17 Ill. 2d 535, 536, 162 N.E.2d 361, 362, where the court quoted from *Gaumer v. Snedeker* (1928), 330 Ill. 511, 515, 162 N.E. 137, 138, as follows:

"Whenever a party has been omitted whose presence is so indispensable to a decision of the case upon its merits that a final decree cannot be made without materially affecting his interests, the court should not proceed to a decision of the case upon the merits."

■■ In the instant case, it appears clear to us that the court's finding of no coverage on May 2, 1973, would be injurious to the rights of Wood, as he would be required to defend any suit by Hawk at his own expense and could be called upon to pay all or a portion of any judgment obtained by Hawk. Thus, we are of the opinion that the rights of the absent party (Wood) were injuriously affected (*Safeway Insurance Co. v. Harvey*), and we conclude that he was an indispensable party to the action.

Basic notions of due process forbid the entry of a decree affecting the interest of a party not before the court. (*Clark v. Village of Milan* (1972), 3 Ill. App. 3d 569, 277 N.E.2d 895.) A judgment rendered without jurisdiction over an indispensable party is null and void. (*People ex rel. Meyer v. Kerner* (1966), 35 Ill. 2d 33, 219 N.E.2d 617.) See also *Glickauf v. Moss* (1974), 23 Ill. App. 3d 679, 320 N.E.2d 132, where it was held to be error for a court to proceed to a disposition of a matter without jurisdiction over all indispensable parties.

For the reasons stated, the judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LORENZ and WILSON, JJ., concur.