**CASUALTY INDEMNITY EXCHANGE,
an insurance corporation,
Plaintiff-Appellee,**

v.

**VILLAGE OF CRETE, a municipal
corporation, Defendant-Appellant.**

No. 83–1793.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 7, 1984.

Decided April 9, 1984.

Stephen R. Swofford, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendant-appellant.

J. Robert Geiman, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for plaintiff-appellee.

Before CUDAHY and FLAUM, Circuit Judges, and BARTELS, Senior District Judge.[*]

CUDAHY, Circuit Judge.

A liability insurer brought this diversity action against its insured regarding the insured's breach of the notice provision in the insurance policy. Defendant Village of Crete had contracted with one Luther Railing for the demolition and removal of a water tower. Under the contract, Railing was required to obtain liability insurance for the project and to name the village as a co-insured; Railing obtained the insurance from plaintiff Casualty Indemnity Exchange ("CIE"). On July 31, 1980, during the demolition work, Railing was killed in an accident. A year later, Railing's wife as administrator of his estate brought a wrongful death action against the village and other parties. The village was served with a summons on August 6, 1981. However, the village first notified plaintiff CIE of the Railing accident and lawsuit in a letter dated January 18, 1982. CIE filed this action seeking a declaratory judgment that the village breached the policy's notice provision and that CIE is not obliged to defend or indemnify the village in actions arising out of the Railing accident.

I

The liability insurance policy required the insured to notify CIE of any claim or occurrence "as soon as practicable." The Village of Crete has conceded that it first notified CIE of the Railing accident on January 18, 1982, almost eighteen months after the accident and more than five months after the village was served with a summons in the wrongful death case. The district judge concluded that the notice was untimely as a matter of law and therefore granted plaintiff's motion for summary judgment.

■■■ On appeal, the village refers us to a handwritten notation on CIE's copy of the insurance binder. The village argues that the notation raises the possibility that CIE received actual notice of the Railing accident shortly after it occurred. Under Illinois law, if the insurer receives timely notice of an occurrence from a third party, this actual notice may satisfy the policy requirement. *See, e.g., Illinois Valley Minerals Corp. v. Royal-Globe Insurance Co.*, 70 Ill.App.3d 296, 26 Ill.Dec. 629, 388 N.E.2d 253, 256–57 (1979). However, the village has waived any factual issues relating to the notation. The notation was on the copy of the binder attached to the complaint in this case and thus was available to the village from the beginning. The village never opposed the summary judgment motion on the basis of the notation and apparently never called the district court's attention to the notation. Under these circumstances, the village may not raise this factual issue on appeal for the first time.

■■■ We turn next to whether the village's notice to CIE complied with the notice provision of the insurance policy. Illinois courts have interpreted the phrase "as soon as practicable" in notice provisions to mean that the insured must notify the insurer of an occurrence within a reasonable time, and whether the notice was given in a reasonable time generally depends on all the facts and circumstances of each case. *See, e.g., Simmon v. Iowa Mutual Casualty Co.*, 3 Ill.2d 318, 121 N.E.2d 509, 511 (1954); *Illinois Valley Minerals Corp. v. Royal-Globe Insurance Co., supra*, 388 N.E.2d at 255. However, if there are no disputed material facts, the court may in appropriate circumstances decide the issue of reasonable notice as a matter of law. *Illinois Valley Minerals, supra*, 388 N.E.2d at 256; *INA Insurance Co. v. City of Chicago*, 62 Ill.App.3d 80, 19 Ill.Dec. 519, 379 N.E.2d 34, 36 (1978); *Internation-*

* Honorable John R. Bartels, Senior District Judge for the Eastern District of New York, is sitting by designation.

*al Harvester Co. v. Continental Casualty Co.*, 33 Ill.App.2d 467, 179 N.E.2d 833, 837 (1962).

There is no dispute here that the village first notified CIE of the Railing accident almost eighteen months after it occurred and more than five months after the wrongful death suit was filed against the village. The village has not contended on appeal that its delay was excusable. The village knew that the policy existed; the village itself had required the contractor to obtain liability insurance naming the village as an insured party. *See INA Insurance Co. v. City of Chicago, supra,* 379 N.E.2d at 37. Nor was the incident here, involving a death, so trivial that a reasonable person would not have anticipated that a claim might be brought. *Cf. National Bank of Bloomington v. Winstead Excavating,* 94 Ill.App.3d 839, 50 Ill.Dec. 414, 419 N.E.2d 522, 524 (1981). The Illinois courts have held comparable unexcused delays to be unreasonable as a matter of law. *INA Insurance Co. v. City of Chicago, supra,* 379 N.E.2d at 36 (18 months); *Illinois Valley Minerals, supra,* 388 N.E.2d at 256 (6 month delay). *See also Sisters of Divine Providence v. Interstate Fire & Casualty Co.,* 117 Ill.App.3d 158, 72 Ill. Dec. 731, 453 N.E.2d 36, 39 (1983) (2½ year delay); *United States Fidelity & Guaranty Co. v. Maren Engineering Corp.,* 82 Ill.App.3d 894, 38 Ill.Dec. 277, 403 N.E.2d 508, 511 (1980) (2 year delay); *International Harvester, supra,* 179 N.E.2d at 836–37 (21 month delay); *Allstate Insurance Co. v. Hoffman,* 21 Ill.App.2d 314, 158 N.E.2d 428, 433 (1959) (23 month delay). Thus, where the notice was first given eighteen months after the accident and where the village offers no excuse for its delay, it appears that the notice was unreasonably late.

The village argues, however, that summary judgment was inappropriate because there was a genuine issue of fact as to whether the delayed notice prejudiced CIE in any way. One major purpose of notice provisions is to permit the insurer to investigate an incident promptly, and the village tells us that its general liability insurer investigated the Railing accident shortly after it occurred. The results of that investigation could be made available to CIE. We agree that there is a factual dispute as to whether CIE was prejudiced. The issue here, however, is whether the question of prejudice is material to this case. That issue is one of law, and in our view, the district court properly decided that the issue of prejudice was not relevant.

In cases involving late notice, the role of prejudice under Illinois law is not precisely defined, but we think it is clear that the absence of prejudice alone does not entitle the insured to coverage. In *Simmon v. Iowa Mutual Casualty Co.,* 3 Ill.2d 318, 121 N.E.2d 509, 511 (1954), the Illinois Supreme Court held that lack of prejudice to the insurer may be a factor in determining whether reasonable notice had been given, but that absence of prejudice is not a condition which would nullify the notice requirement. As the Illinois Appellate Court has applied *Simmon,* it appears that lack of prejudice is a factor to be considered only where the insured had a good excuse for the late notice or where the delay was relatively brief. *Illinois Valley Minerals, supra,* 388 N.E.2d at 256; *INA Insurance Co. v. City of Chicago, supra,* 379 N.E.2d at 37; *McFarlane v. Merit Insurance Co.,* 58 Ill.App.3d 616, 16 Ill.Dec. 176, 374 N.E.2d 951, 953 (1978); *City of Chicago v. United States Fire Insurance Co.,* 124 Ill. App.2d 340, 260 N.E.2d 276, 280–81 (1970). Lack of prejudice alone does not constitute a defense under Illinois law. *United States Fidelity & Guaranty Co. v. Maren Engineering Corp., supra,* 403 N.E.2d at 511. The village could not prevail here even if it showed that CIE was not prejudiced by the delay, for there was no excuse for the eighteen month delay.[1]

In arguing that prejudice was a material issue in this case, the village relies on

---

**1.** *See also Allstate Insurance Co. v. Hoffman,* 21 Ill.App.2d 314, 158 N.E.2d 428, 433 (1959) (avail- ability of other party's investigation records was not a substitute for timely notice).

*M.F.A. Mutual Insurance Co. v. Cheek*, 66 Ill.2d 492, 6 Ill.Dec. 862, 363 N.E.2d 809, 813 (1977), which held that where the insured breaches the duty to cooperate, the insurer is relieved of liability only if the breach results in substantial prejudice to the insurer. However, the prejudice requirement does not, under Illinois law, carry over from the duty of cooperation to the duty of notice. In *M.F.A. Mutual*, the appellate court had expressly distinguished the case from *Simmon* and required that prejudice be shown in a cooperation clause case, *M.F.A. Mutual Insurance Co. v. Cheek*, 34 Ill.App.3d 209, 340 N.E.2d 331, 337 (1975), and in affirming that judgment, the Illinois Supreme Court carefully limited its discussion to cooperation clause cases. 363 N.E.2d at 812–13. *See also Illinois Valley Minerals, supra*, 388 N.E.2d at 257 (rejecting analogy between notice and cooperation clause cases).[2]

Therefore, we conclude that the district court properly held that prejudice was not material in this case and properly granted summary judgment for CIE.

## II

The second issue on appeal is the village's contention that its general liability insurer, the Hartford Insurance Group ("the Hartford"), was a necessary party to this case so that the district court should have dismissed the case for failure to join a necessary party. The village's answer here included as its fourth affirmative defense the failure to join the Hartford as a defendant in the suit. The village tells us that at a status hearing on September 27, 1982, it moved the court for leave to file a motion to dismiss for failure to join a necessary party. The village also tells us that the district court orally denied permission to file the dismissal motion. The record

before us contains neither any written record of the alleged motion for leave to file the motion to dismiss, the motion to dismiss itself, memoranda regarding either motion, the district court's disposition of the motion for leave to file the motion to dismiss nor a transcript of the status hearing on September 27, 1982.

The village is the appellant here. If it expects this court to reverse the judgment below, it is obliged to provide this court with a record permitting meaningful review of the alleged error. *See* Fed.R. App.P. 10. But this record contains no indication from the district court itself that the village ever made the oral motion for leave to file its motion to dismiss. The parties tell us that the oral motion was made, but that assertion goes beyond the scope of the record. Also, the record does not contain any indication of the district court's disposition of this alleged oral motion. Most importantly, even if we were to assume that the parties have correctly recalled the events in the district court, the record contains no explanation of the district court's decision to refuse permission to file the motion to dismiss. In the absence of such an explanation, it is impossible for this court to determine whether the district court properly exercised its discretion. Where the appellant does not provide a record adequate for determining whether reversible error occurred, we will not find reversible error.

Despite the appellant's failure to bring up a record adequate for consideration of this issue, we must nevertheless consider two dimensions of the joinder issue. The first is whether, as the village asserts, the Hartford's absence deprived the district court of jurisdiction, and the second is whether remand is necessary to determine

---

**2.** In addition, one Illinois appellate court decision could be read to support the village's position. In *Kenworthy v. Bituminous Casualty Corp.*, 28 Ill.App.3d 546, 328 N.E.2d 588 (1975), the court affirmed a jury verdict in favor of the insured where the notice was excusably delayed for fourteen months and where there was no probative evidence as to when notice was actually given. In the absence of such evidence, the court turned to the lack of prejudice to affirm the verdict. The court's holding is understandable in light of the long excused delay and the absence of evidence of when notice was given. However, to extend *Kenworthy* beyond its facts as holding that the insurer must show prejudice would be contrary to *Simmon* and to the clear weight of authority in the appellate court.

the potential effects of the judgment on the Hartford.

■ ■ First, contrary to the village's contentions, the Hartford's absence is not an issue affecting the district court's jurisdiction. The village relies on *Safeway Insurance Co. v. Harvey*, 36 Ill.App.3d 388, 343 N.E.2d 679, 682 (1976), which held that, under Illinois law, a judgment rendered without jurisdiction over an indispensable party is void in its entirety. *See also Northland Insurance Co. v. Hawk*, 59 Ill. App.3d 155, 17 Ill.Dec. 137, 376 N.E.2d 30, 32 (1978). But regardless of Illinois law on joinder and jurisdiction, the effect of the Hartford's absence is a matter of *federal* law. *E.g., Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 n. 22, 88 S.Ct. 733, 746 n. 22, 19 L.Ed.2d 936 (1968). State law may define the interests of the outsider, but the question of proper joinder remains one of federal law. *Id.* Joinder of the Hartford would not have destroyed diversity of citizenship, and the district court could have remedied any problem that might have existed by joining the Hartford as a defendant rather than by dismissing the suit. The district court had jurisdiction over the parties and the subject matter and therefore had the power to enter the judgment. Under Federal Rule of Civil Procedure 19, the possible effects of a judgment on an absent person do not deprive a federal court of jurisdiction; rather, the court must consider the joinder issue under the practical and equitable standards of Rule 19(a) and (b).

Second, remand is not necessary to protect the Hartford's interests. We recognize that an appellate court may on some occasions be required to raise joinder issues *sua sponte* in order to protect the interests of those not before the court. *Provident Bank, supra*, 390 U.S. at 111, 88 S.Ct. at 738; *Cloverleaf Standardbred Owners Association, Inc. v. National Bank of Washington*, 699 F.2d 1274, 1277 n. 5 (D.C.Cir.1983). Under Rule 19(a)(2), a person who can be joined without depriving the court of subject matter jurisdiction should be joined if the person "claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest ...." [3] Although the record is not entirely clear, the Hartford's interest in this litigation presumably arises only from an "other insurance" clause in its general liability policy with the village. If CIE were liable to the village for defense and coverage, the Hartford might be able to obtain reimbursement from CIE for costs incurred from the Railing accident.

However, remand is not necessary because this declaratory judgment will not "as a practical matter impair or impede" the Hartford's ability to protect its interests. First, the Hartford was not a party to the litigation, and the record provides no basis for believing that the Hartford might be bound by the judgment. Of course, Rule 19 requires us to look beyond whether a non-party would technically be bound and to consider whether the judgment would "as a practical matter" impair the non-party's interests. *Provident Bank, supra*, 390 U.S. at 110, 88 S.Ct. at 738. The practical effects of this judgment on the Hartford's interests are too uncertain and remote to require us to set the judgment aside. The judgment here is simply a declaratory judgment; it does not require or forbid any actions which would aid or prejudice the Hartford. *See Pasco International (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 501–02 (7th Cir.1980) (monetary and injunctive relief against principal

---

**3.** The other Rule 19 considerations—the interests of the parties before the court and of the general public—do not support the village's position. Complete relief can be and has been accorded among the parties. Rule 19(a)(1). There is no substantial risk that the relief granted will subject any party to multiple or inconsistent obligations. Rule 19(a)(2)(ii); *Morgan*

*Guaranty Trust Co. v. Martin*, 466 F.2d 593, 598 (7th Cir.1972). The public interest in avoiding additional litigation militates in favor of affirmance at this stage of the proceedings. A remand would certainly prolong this litigation, while litigation between the Hartford and CIE remains a mere possibility.

would not prejudice absent agent). *Cf. Crouse-Hinds Co. v. Internorth, Inc.,* 634 F.2d 690, 700–01 (2d Cir.1980) (order enjoining performance of agreement with third party would prejudice third party and made it indispensable). Admittedly, there is some possibility that the Hartford may try to relitigate this matter with CIE, and in that case, there would already be a judgment on the books declaring that the village's notice was too late. But a second court would be able to decide otherwise, particularly on a better-developed record, and the possible effects of the judgment here on such possible future litigation do not warrant setting aside this judgment. We are unwilling to set aside this judgment based on unsupported speculation about uncertain and remote effects on the Hartford's interests. *See Provident Bank, supra,* 390 U.S. at 114–16, 88 S.Ct. at 740–741; *Brinco Mining Ltd. v. Federal Insurance Co.,* 552 F.Supp. 1233, 1238–39 (D.D.C.1982) (other liability insurers not indispensable parties to declaratory judgment action on one policy); *Special Jet Services, Inc. v. Federal Insurance Co.,* 83 F.R.D. 596, 599–600 (W.D.Pa.1979) (additional insurer not necessary party to insured's action for declaration of coverage).

The judgment of the district court is AFFIRMED.