**CASUALTY INDEMNITY EXCHANGE, Plaintiff,**

v.

**The CITY OF CHICAGO, Impact Engineering and Construction Co., Margaret Banks, and Antonio Arnette Banks, Defendants.**

No. 84 C 9369.

United States District Court, N.D. Illinois, E.D.

Dec. 23, 1985.

Findings of Fact, Conclusions of Law & Memorandum Opinion Dec. 18, 1986.

J. Robert Geiman, Daina B. Van Dervort, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for Casualty Indem. Exchange.

Robert J. Jenkins, Chicago, Ill., for City of Chicago.

John B. Cashion, Chicago, Ill., for Margaret Banks and Antonio Arnette Banks.

## MEMORANDUM OPINION

WILL, District Judge.

This is an action for a declaratory judgment under 28 U.S.C. §§ 2201, 2202 (1982). Plaintiff Casualty Indemnity Exchange ("CIE") seeks a determination that it is not liable to indemnify defendant Impact Engineering and Construction Company ("Impact") or defendant City of Chicago for the alleged wrongful death of a construction worker, Arnett Banks, Jr. All parties have filed motions for summary judgment. For the reasons stated herein, each of the motions is denied.

### I. *Uncontroverted Facts* [1]

CIE issued its general liability policy No. GL 012518 to Impact for the term of September 15, 1982 through September 15, 1983. The negotiations for the policy were handled through the Weiss Insurance Agency, Inc. ("Weiss") and United Commercial Affiliated ("UCA"), an authorized representative of CIE. Toward the end of the term, Impact contracted with the City of Chicago to perform repair work on a masonry stack at the North Park Village Boiler Plant. As a condition of the contract, Impact was required to secure an endorsement to its insurance policy naming the City as an additional insured for purposes of the boiler plant project. Impact subcontracted its work to Allied Chimney and Construction, Inc.

---

**1.** When summary judgment is denied in whole or in part, Fed.R.Civ.P. 56(d) instructs the court to ascertain which facts remain disputed and which appear without substantial controversy. *See Lovejoy Electronics, Inc. v. O'Berto,* 616 F.Supp. 1464, 1473 (N.D.Ill.1985) (describing procedure under Rule 56(d)).

On September 9, 1983, an employee of Allied Chimney, Arnett Banks, Jr., fell to his death from a scaffold at the boiler plant project. The City of Chicago received notice of the accident the same day. On February 29, 1984, Banks's wife, defendant Margaret Banks, filed suit against the City in the Circuit Court of Cook County. The City of Chicago was served with a summons and complaint on March 6, 1984 and, three weeks later, transferred these documents to Weiss. CIE did not receive the documents until July 5, 1984.

## II. *Analysis and Controverted Facts*

In order to obtain summary judgment, the movant must establish the absence of genuine issues of material fact by *competent proof. Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n. 17, 159 n. 19, 90 S.Ct. 1598, 1608 n. 17, 1609 n. 19, 26 L.Ed.2d 142 (1970). The proof may consist of affidavits, answers to interrogatories, admissions, depositions, or other verified evidence that would be admissible at trial. *Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 138 (7th Cir.1985); 6 *Moore's*

*Federal Practice* ¶ 56.11 (2d ed. 1985). It is not sufficient merely to rely upon the allegations of one's pleadings or memoranda or to summarize the contents of documents that are not in the record. *Pfeil v. Rogers*, 757 F.2d 850, 859–63 (7th Cir.1985).

In this case, none of the parties has presented a properly supported motion.[2] Those few facts that have been properly established and appear without substantial controversy are set forth in the preceding section. They do not provide an adequate basis for judgment in favor of any party. Nevertheless, since it appears likely that many of the "facts" asserted in the parties' memoranda may indeed be undisputed, we will undertake to shed some light on the issues, rather than disposing of the motions on purely formal grounds.

Two main issues are presented: (1) whether the City was added as an additional insured under Impact's policy for the period in question; and (2) whether the City and Impact notified CIE of the acci-

---

**2.** Banks's motion is supported solely by the affidavit of her attorney, who is not competent to testify as to most of the matters contained therein. *See* Fed.R.Civ.P. 56(e). CIE's motion and memoranda are supported only by the City's Answers to Interrogatories, most of which are conclusory and do not suffice to establish the absence of a genuine issue of material fact. Although CIE's submissions also contain citations to numerous deposition transcripts, the transcripts are not appended and are not contained elsewhere in the record. The City of Chicago's motion is supported by an affidavit and copies of several relevant documents, but it too relies ultimately on deposition testimony that is not presented to this Court. Finally, Impact's motion simply concurs in the various motions and memoranda filed by the City and Banks, thus it adopts their defects as well as their virtues.

Moreover, only CIE has provided the statement required by Rule 12(e) of the General Rules and no party has provided the statement required by Rule 12(f). For the convenience of the parties, we set forth the full text of these rules below:

(e) Motions for summary judgment; Moving party

With each motion for summary judgment pursuant to rule 56 of the Federal Rules of Civil Procedure the moving party shall serve and file, in addition to the affidavits (if any) and other materials referred to in rule 56(e) and a supporting memorandum of law, a statement of the material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to judgment as a matter of law, including with that statement references to the affidavits, parts of the record and other supporting materials relied upon to support such statement. Failure to submit such a statement constitutes grounds for denial of the motion.

(f) Motions for summary judgment; Opposing party

Each party opposing a Rule 56 motion shall serve and file, together with opposing affidavits (if any) and other materials referred to in rule 56(e) and a supporting memorandum of law, a concise "statement of genuine issues" setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, including with that statement references to the affidavits, parts of the record and other supporting materials relied upon to support such statement. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

General Rules of the United States District Court for the Northern District of Illinois 12(e), (f).

dent "as soon as practicable," thus precluding CIE's liability under the policy.

■ The first issue involves CIE's potential liability only as to the City. (Apparently, Impact has been joined as a defendant in the state case, so CIE would still run a risk of liability even if it prevails on this issue.) CIE contends that the only endorsement it issued for the City of Chicago attached to policy No. GL 012600 ("renewal policy") for the year September 15, 1983 through September 15, 1984, not policy No. GL 012518 ("original policy") for the year in which the accident occurred. While CIE concedes that a certificate of insurance issued to Impact by Weiss indicated that the City was covered under the original policy, CIE maintains that Weiss had no authority to issue the certificate.

The resolution of this question turns upon principles of the Illinois law of agency. The Illinois cases tend to distinguish between an "insurance agent," who acts solely for the insurer, and a "broker," who is not permanently employed by any principal, but acts in each case as a special agent for a single object. *See, e.g., City of Chicago v. Barnett,* 404 Ill. 136, 88 N.E.2d 477 (1949); *Browder v. Hanley Dawson Cadillac,* 62 Ill.App.3d 623, 20 Ill.Dec. 138, 379 N.E.2d 1206 (1978). Since Weiss appears not to have been permanently employed by CIE, it may be appropriate to refer to Weiss as a "broker." This designation, however, does not assist in the ultimate determination of whether Weiss had authority to bind CIE, Impact, or both. That question in every case "is dependent upon who called [the agent] into action, who controls his movement, who pays him, and whose interests he represents." *Id.* at 629, 20 Ill.Dec. at 143, 379 N.E.2d at 1211. These are questions of fact, to be determined from the particular circumstances of the case. *Davidson v. Comet Casualty Co.,* 89 Ill.App.3d 720, 44 Ill.Dec. 943, 412 N.E.2d 19 (1980). Where the evidence clearly shows that the broker is acting on behalf of a particular principal, however, they may become matters of law. *Id.* at 723, 44 Ill.Dec. at 946, 412 N.E.2d at 22.

Apparently, Weiss negotiated the original policy through UCA and may have dealt with UCA in regard to the certificate of insurance. Documentary evidence submitted in this case shows that the policy was signed by J.J. Carroll of UCA acting as the "authorized representative" of CIE. We therefore conclude that UCA had actual or apparent authority to bind CIE. The further question is whether Weiss was a subagent for CIE or an agent for Impact.

CIE maintains that Weiss was subject to Impact's direction at all times relevant to the suit. In response, the defendants contend that Weiss received actual authority from an officer of UCA and that, regardless of actual authority, CIE ratified Weiss's actions by acquiescing in them. *See Old Security Life Ins. Co. v. Continental Illinois Nat. Bank,* 740 F.2d 1384, 1392 (7th Cir.1984); *Copley v. Pekin Ins. Co.,* 130 Ill.App.3d 299, 302, 85 Ill.Dec. 643, 646, 474 N.E.2d 57, 60 (Ill.App.Ct.1985) (discussing principles of ratification under Illinois law).

Although both sides have developed viable theories of agency, neither has presented sufficient evidence to support them. The best either side can do is to cite deposition transcripts. *See supra* note 2. Moreover, there appears to be a significant factual dispute as to whether Weiss received actual authority from a UCA officer. *See* Mem. in Support of City of Chicago's Motion for Summary Judgment at 2–3. In sum, the record in this case is not so clear as to justify converting the essentially factual question of agency into a question of law.

■ The second issue—timeliness of notice—focuses on the following provisions of the insurance policy:

¶ 4(a) In the event of an occurrence, written notice containing particulars reasonably sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for

the insured to the company or any of its authorized agents as soon as practicable. (b) if claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

\* \* \* \* \* \*

¶ 5. No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy. . . .

An "occurrence" is defined in the policy as "an accident ... which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

CIE maintains that it received no notice of the "occurrence" involving Arnett Banks, Jr. or the filing of suit against the City until July 5, 1984, nearly ten months after the accident and four months after the filing of the suit. It concludes that, as a matter of law, the City and Impact failed to meet a condition precedent of the insurance contract.

The defendants concede that they received word of the accident on the day it occurred. They have submitted the affidavit of a secretary of Impact, however, stating that she reported the occurrence to Weiss immediately. If Weiss is an agent or subagent of CIE, therefore, the defendants would be entitled to summary judgment. For reasons we have already stated, we think that the resolution of the agency question must await further development of the facts.

As to notice of the filing of suit, the City took no action until March 27, 1984—about one month after suit was filed—when it forwarded copies of the summons and complaint to Weiss. Apparently, Weiss held the documents for a time and then transferred them to the wrong insurance carrier. CIE finally received the documents on July 5, 1984.

The relevant period of delay in notifying CIE of the accident is therefore either zero months, if Weiss was CIE's agent, or ten months, if Weiss was not CIE's agent. As to delay in notifying CIE of the lawsuit, the relevant period is either one month or four months, depending upon the same factor.

In *Casualty Indemnity Exchange v. Village of Crete*, 731 F.2d 457 (7th Cir.1984), the Court of Appeals set forth a helpful summary of the legal principles controlling this case. The court observed:

> Illinois courts have interpreted the phrase "as soon as practicable" in notice provisions to mean that the insured must notify the insurer of an occurrence within a reasonable time, and whether the notice was given in a reasonable time generally depends on all the facts and circumstances of each case. However, if there are no disputed material facts, the court may in appropriate circumstances decide the issue of reasonable notice as a matter of law.

*Id.* at 458–59 (*citing Simmon v. Iowa Mutual Casualty Co.*, 3 Ill.2d 318, 121 N.E.2d 509 (1954); *Illinois Valley Mineral Corp. v. Royal-Globe Ins. Co.*, 70 Ill.App.3d 296, 26 Ill.Dec. 629, 388 N.E.2d 253 (1979); *INA Ins. Co. v. City of Chicago*, 62 Ill.App.3d 80, 19 Ill.Dec. 519, 379 N.E.2d 34 (1978); *International Harvester Co. v. Continental Casualty Co.*, 33 Ill.App.2d 467, 179 N.E.2d 833 (Ill.App.Ct.1962)). In addition, the court considered the role of prejudice to the insurer under Illinois law. While the absence of prejudice does not constitute a defense, the court concluded, it "is a factor to be considered ... where the insured had a good excuse for the late notice or where the delay was relatively brief." In the case before it, the court upheld the district court's grant of summary judgment in favor of the insurance company, holding that an eighteen-month delay in notifying the insurer of the accident was unreasonable as a matter of law despite the absence of prejudice to the insurer. 731 F.2d at 459.

Under *Village of Crete* and the cases cited therein, we do not think summary judgment is appropriate in this case. At

most, the period of delay was ten months long. We are aware of only one case in which a period of ten months or less was found unreasonable as a matter of law. In *Illinois Valley Minerals Corp. v. Royal-Globe Ins. Co.*, 70 Ill.App.3d 296, 26 Ill. Dec. 629, 388 N.E.2d 253 (1979), the court found that a six month delay was unreasonable as a matter of law. The court explicitly found that the delay prejudiced the insurer in that the damaged property had been repaired by the time notice was received. Thus, the insurer "was deprived of any opportunity to make a timely and thorough investigation of the claim." *Id.* at 300, 26 Ill.Dec. at 632, 388 N.E.2d at 256.

In the present case, by contrast, CIE concedes that no showing of prejudice has been made. We decline to extend *Village of Crete* to reach a ten-month (at most) delay in notification. As the *Village of Crete* court itself observed, prejudice may be a factor when the period of delay is relatively brief. *Id.* at 459 (*citing Illinois Valley*). The facts of this case are much closer in this respect to those of *Illinois Valley* than to *Village of Crete*.

Conversely, we do not think a ten-month delay is so short as to entitle the defendants to summary judgment. *Illinois Valley* precludes any such finding, at least where, as here, the question of prejudice remains open.

### Conclusion

Each of the motions for summary judgment is denied. Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, the facts set forth in part I of this opinion are "deemed established" for purposes of any further proceedings in this case.

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND MEMORANDUM OPINION

In this declaratory judgment action, plaintiff Casualty Indemnity Exchange ("CIE") seeks a determination that it is not liable to indemnify the defendants for an alleged wrongful death. The factual background of the case, including the terms of the insurance policy, is set forth in our Memorandum Opinion of December 23, 1985, denying the parties' cross-motions for summary judgment. There is no need to reiterate that background here.

On September 30, 1986, a one-day bench trial was held before this Court. At the conclusion of the evidence, we made the following findings of fact and conclusions of law:

1. The City is an additional insured under CIE policies GL 012518 and GL 012600.

2. Weiss was not an agent of CIE or United Commercial Affiliated ("U.C.A.").

3. CIE did not receive notice of the September 9, 1983 "occurrence" of Banks' death or the February 29, 1984 filing of the state court lawsuit prior to

   a. June 26, 1984 when Weiss notified U.C.A. (assuming U.C.A. is an agent for CIE); or

   b. July 3, 1984 when J.J. Carroll was notified (assuming Carroll is an agent for CIE); or

   c. July 5, 1984 when CIE received notice from Carroll.

After making these findings, we requested the parties to file legal memoranda on the determinative question in the case: whether under Illinois law the defendants unreasonably delayed in giving notice to CIE of the "occurrence" and of the filing of the state court case. Having considered the evidence presented at trial and the briefs, we find that the delay was unreasonable and that CIE is therefore not obligated to indemnify the defendants.

■ As we stated at the close of the evidence, CIE received notice of the occurrence and the lawsuit sometime between June 26, 1984 and July 5, 1984. Since the difference between these dates is only nine days, we need not determine whether either U.C.A. or J.J. Carroll was an agent for CIE. On this point, we will give the defendants the benefit of the doubt and assume that notice was received by June 26, 1984, when U.C.A. was notified by Weiss.

The defendants knew of the occurrence the day it happened, September 9, 1983.

They knew of the state court lawsuit no later than March 6, 1984, when the City was served with a copy of the complaint. Thus, we are dealing with a nine and one-half month delay in notification of the occurrence, and a three and one-half month delay in notification of the lawsuit.

The defendants contend that these periods of delay cannot be found unreasonable unless CIE shows that it suffered some actual prejudice from the delay. CIE maintains that a possibility of prejudice is enough and that, in any event, it did suffer actual prejudice.

In our view, this case is governed by *Casualty Indemnity Exchange v. Village of Crete*, 731 F.2d 457 (7th Cir.1984). Like the present case, *Village of Crete* arose out of a state court wrongful death action. The decedent contracted with the village to demolish a water tower. As a condition of the contract, he obtained an insurance policy naming the village as a co-insured. On July 31, 1980, the decedent was killed in an accident on the site. A year later, his wife brought the wrongful death suit against the village and others. The village was served with a summons on August 6, 1981 but did not notify CIE of the accident and lawsuit until January 18, 1982.

CIE sought a declaration that its duty to indemnify had been excused by the insured's failure to give timely notice. At issue, as here, was the interpretation of the insurance contract's "as soon as practicable" clause. The district court, finding the notice given to CIE to be untimely as a matter of law, granted summary judgment in CIE's favor.

On appeal, the court of appeals affirmed, observing that:

> Illinois courts have interpreted the phrase "as soon as practicable" in notice provisions to mean that the insured must notify the insurer of an occurrence within a reasonable time, and whether the notice was given in a reasonable time generally depends on all the facts and circumstances of each case.

*Id.* at 458 (citing *Simmon v. Iowa Mutual Cas. Co.*, 3 Ill.2d 318, 121 N.E.2d 509

(1954); *Illinois Valley Minerals Corp. v. Royal-Globe Ins. Co.*, 70 Ill.App.3d 296, 26 Ill.Dec. 629, 388 N.E.2d 253 (3d Dist.1979)). Noting that the village had delayed eighteen months since the occurrence and five months since the filing of the suit, and that it had not contended that there was a good excuse for the delay, the court held the delay to be unreasonable as a matter of law. Though a factual dispute existed as to prejudice, the court found that CIE was not required to show prejudice under the circumstances of the case:

> [I]t appears that *lack of prejudice is a factor to be considered only where the insured had a good excuse for the late notice or where the delay was relatively brief.* Lack of prejudice alone does not constitute a defense under Illinois law. The village could not prevail here even if it showed that CIE was not prejudiced by the delay, for there was no excuse for the eighteen month delay.

*Id.* at 459 (emphasis added; citations omitted).

Similarly, the defendants in this case have shown no excuse for their delay in notifying CIE of the occurrence or the pending state court case. It seems clear from the testimony that the delay was due to the carelessness or inattention of Weiss, who learned of the accident the day it happened and learned of the lawsuit shortly after its filing. Though Weiss signed several documents as a purported agent for CIE and other insurance companies, CIE clearly established—through the testimony of Art Firley, president of CIE, and J.J. Carroll—that Weiss had no authority to bind CIE. If Weiss was an agent for anyone, it was for the defendants, who apparently retained him for purposes of procuring the insurance policies. In any event, the defendants cannot establish an excuse for their delay by pointing to Weiss' negligence. Since they cannot establish an excuse and the delay was not brief, the absence of prejudice is immaterial. *Village of Crete*, 731 F.2d at 459.

Moreover, as in *Village of Crete*, the period of delay was unreasonably long.

Though *Village of Crete* involved delays of eighteen months and five months compared to this case's delays of nine and one-half months and three and one-half months, in both instances the insurer was deprived of its opportunity to perform a timely investigation of an accident resulting in death. Furthermore, *Village of Crete* was in a summary judgment posture, requiring the court to find unreasonable delay as a matter of law; a shorter period may suffice when the finding of unreasonableness is based, as here, on facts developed at trial. Under all the circumstances, we find that the defendants unreasonably delayed in giving CIE notice of their claim.

 In addition, we note that while CIE was not required to prove prejudice in this case, there was ample evidence that CIE's ability to defend the state court lawsuit was hampered by the delay in notification. Illinois courts have found prejudice where the insurer was deprived simply of its opportunity to investigate. *See, e.g., Illinois Valley Minerals Corp. v. Royal-Globe Ins. Co.,* 70 Ill.App.3d 296, 26 Ill.Dec. 629, 388 N.E.2d 253 (3d Dist.1979). In such cases, the courts have not required that the insurer go further and prove that it could have uncovered useful information upon investigation; the mere *possibility* of harm from the lost opportunity to investigate was enough.

At trial, CIE showed that the construction work at the accident site was completed by the time of notice. Thus, the site had been altered, the scaffolding had been removed, and the demolition of the chimney had been completed. Requiring CIE to prove what evidence useful to its defense could have been adduced had it had a chance to perform a timely investigation would place a nearly impossible burden upon CIE.

The true no prejudice case is one in which the insurance company received actual timely notice of the event from some source other than the insured. *See, e.g., McLaughlin v. Attorneys' Title Guaranty Fund,* 61 Ill.App.3d 911, 18 Ill.Dec. 891, 895–96, 378 N.E.2d 355, 359–60 (3d Dist.

1978). The defendants provided no evidence indicating that this is such a case.

### Conclusion

CIE's duty to indemnify its insureds, the City of Chicago and Impact Engineering and Construction Co., is excused due to the insureds' unreasonable delay in notifying CIE of the existence of the claim.

Judgment will be entered in favor of CIE and against the defendants.