**AETNA CASUALTY & SURETY CO., Plaintiff,**

v.

**CHICAGO INSURANCE CO., Defendant.**

**No. 88 C 9265.**

United States District Court, N.D. Illinois, E.D.

Jan. 12, 1989.

Jill B. Berkeley, Steven P. Garmisa, Cassiday, Schade & Gloor, Chicago, Ill., for plaintiff.

Mitchell A. Orpett, Tribler & Marwedel, P.C., Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

Brook Park Pharmacy holds insurance policies with three different insurers: West American Insurance Co. ("West American"), plaintiff Aetna Casualty & Surety Co. ("Aetna"), and defendant Chicago Insurance Co. ("Chicago Insurance"). When the Pharmacy agreed to pay $700,000 in settlement of a lawsuit, two of the Pharmacy's insurers participated in the settlement. West American paid $100,000 to Aetna, which in turn issued a check for the full amount of the settlement. Aetna then asked Chicago Insurance to contribute to

**590**

the settlement. When Chicago Insurance refused, Aetna filed a complaint for declaratory judgment. Aetna seeks a contribution from Chicago Insurance in the amount of $200,000—the limit of the Pharmacy's coverage under the Chicago Insurance policy. Aetna also claims a right to reimbursement for legal costs incurred in defending the Pharmacy. In response, Chicago Insurance argues that the court should dismiss Aetna's complaint because of Aetna's failure to join West American, a necessary party to this lawsuit. According to Chicago Insurance, Illinois law mandates dismissal of a case whenever a plaintiff fails to join a necessary party. Even assuming the correctness of Chicago Insurance's position, Illinois law has no bearing on the issue of West American's joinder now that the case is in federal court: "[R]egardless of Illinois law on joinder and jurisdiction, the effect of [West American's] absence is a matter of *federal* law.... State law may define the interests of the outsider, but the question of proper joinder remains one of federal law." *Casualty Indemnity Exchange v. Village of Crete,* 731 F.2d 457, 461 (7th Cir.1984) (emphasis in original). Assuming without deciding that West American is a necessary party, this court cannot dismiss Aetna's complaint under the federal rule governing joinder unless the joinder of West American would undermine diversity jurisdiction. *See* Fed.R.Civ.P. 19(b); *see also Acton Co., Inc. of Massachusetts v. Bachman Foods, Inc.,* 668 F.2d 76, 78 (1st Cir.1982) (Rule 19(b) allows for dismissal "if joinder will divest the court of subject matter jurisdiction"). At this point in the litigation, this court cannot determine whether joinder would destroy diversity because the record does not clearly indicate where West American is headquartered. At least one of the exhibits in the record suggests that West American is an Ohio corporation. If so, joinder would not affect this court's diversity jurisdiction, since Aetna and Chicago Insurance are based in Connecticut and Illinois respectively. In any event, absent clear evidence that the joinder of West American would defeat diversity jurisdiction, this court

must deny Chicago Insurance's motion to dismiss.