41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eric BRINSON, Plaintiff/Appellant,
v.
Michael O'LEARY, et al., Defendants/Appellees.
 No. 91-2359.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 26, 1994.*
Decided Nov. 3, 1994.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Eric Brinson filed a civil rights action under 42 U.S.C. Sec. 1983 against various employees of the Illinois Department of Corrections. Brinson alleged that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when prison guards used excessive force against him on June 30, 1985 and prison medical staff failed to provide adequate treatment for his injuries. Following a jury trial conducted by a magistrate judge, judgment was entered in favor of the defendants. Brinson filed a motion for judgment notwithstanding the verdict or, in the alternative, a new trial, which the district court denied. Brinson appeals both the judgment in favor of the defendants and the denial of his motion for judgment notwithstanding the verdict or for a new trial.
 
 
 2
 Brinson raises sixteen, albeit redundant, claims on appeal. See Brief of Appellant, intro. (unnumbered) pgs. 8-11. All of theses claims would require this court to review the evidence and testimony presented at trial, and are, thus, unreviewable in light of Brinson's failure to provide this court with trial transcripts. See Fed.R.App.P. 10(b) (requiring appellant to bear the responsibility of transmitting the relevant portions of the trial transcript to the reviewing court); Casualty Ind. Exch. v. Village of Crete, 731 F.2d 457, 460 (7th Cir.1984) (appellant bears burden of providing reviewing court with sufficient record to allow meaningful review). Brinson argues, for instance, that the jury verdict was not supported by the evidence, that the jury instructions were incomplete, and that defense counsel made prejudicial comments during argument. Review of these claims, however, requires review of the evidence in total to determine if Brinson suffered harm and prejudice as a result of the district court's exercise of discretion. See, e.g., Taylor v. Gilmore, 954 F.2d 441, 450 (7th Cir.1992), rev'd on other grounds, 113 S.Ct. 2112 (1993). Brinson also argues that the trial court erred by requiring Brinson to remain, over his objection, in leg chains, and that the district court erred by refusing to allow joinder of pendant state claims. However, the pleadings do not reveal any objections to the leg-chains, see Woods v. Thieret, 5 F.3d 244, 247 (7th Cir.1993), or motions in support of Brinson's claimed attempt to join state law claims.
 
 
 3
 This court traditionally has required strict compliance with Rule 10(b), see Wilson v. Electro Marine Systems, Inc., 915 F.2d 1110, 1117 (7th Cir.1990) (absent transcripts, court may review only purely legal issues); see also Woods, 5 F.3d at 244, Fisher v. Krajewski, 873 F.2d 1057, 1069 (7th Cir.1989), cert. denied, 493 U.S. 1020 (1990), and an appellant's indigence does not excuse compliance. See 28 U.S.C. Sec. 753(f); Richardson v. Henry, 902 F.2d 414, 416 (5th Cir.), cert. denied, 498 U.S. 901 (1990); Thomas v. Computax, 631 F.2d 139, 142 (9th Cir.1980). Brinson has failed to submit any part of the transcript of the lower court proceedings and failed to make an application to the district court to pay for the transcripts. Accordingly, because, absent a transcript, no meaningful review is possible, we DISMISS the appeal pursuant to Fed.R.App.P. 3(a) for failure to comply with Fed.R.App.P. 10(b).
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Brinson filed such a statement. After considering that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs