70 F.3d 117
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony D. LONGSTREET, Sr., Plaintiff-Appellant,
v.
Ronald RIEMAN, Defendant-Appellee.
 No. 94-2587.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1995.*
Decided Nov. 2, 1995.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Anthony Longstreet, an inmate at Pontiac Correctional Center in Illinois, filed a pro se complaint pursuant to 42 U.S.C. Sec. 1983 seeking compensatory and punitive damages from Ronald Reiman, a prison correctional officer. His complaint alleged that Officer Reiman inflicted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments by slamming Longstreet into walls and using excessive force. He now appeals the magistrate judge's orders denying his motion for judgment on the pleadings and entering judgment as a matter of law in favor of defendant.
 
 
 2
 We review the magistrate judge's judgment directing a verdict during the bench trial for clear error.[1] Fed.R.Civ.P. 52(c), Comment to 1991 Amendment; International Union of Operating Eng. v. Indiana Const. Corp., 13 F.3d 253, 257 (7th Cir.1994); Von Zuckerstein v. Argonne Nat'l Lab., 984 F.2d 1467, 1475 (7th Cir.) cert. denied, 114 S.Ct. 419 (1993). We may affirm the judgment upon any ground apparent from the record. Rothner v. City of Chicago, 929 F.2d 297, 303 n. 9 (7th Cir.1991). The record in this case is incomplete; no trial transcripts were filed even though the magistrate judge granted plaintiff's motion to obtain the transcripts. Although we may dismiss the appeal entirely because of a deficient record, Fed.R.App.P. 10(b) and 3(a), Casualty Indem. Exchange v. Village of Crete, 731 F.2d 457, 460 (7th Cir.1984), we will review Longstreet's claims using the record provided. See Fisher v. Krajewski, 873 F.2d 1057, 1061 (7th Cir.1989), cert. denied, 493 U.S. 1020 (1990) (appellate review appropriate if meaningful review possible).
 
 
 3
 Whenever prison officials stand accused of using excessive force in violation of the Eight Amendment's Cruel and Unusual Punishment Clause, the key judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or whether it was applied "maliciously or sadistically to cause harm." Thomas v. Salter, 20 F.3d 298, 301 (7th Cir.1994) (quoting Hudson v. McMillian, 503 U.S. 1, 6 (1992)). Not every malevolent touch by a prison guard gives rise to a constitutional violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). Minor uses of force that are not repugnant to the conscience of humanity do not constitute Eight Amendment violations, even if the officer's conduct cannot be condoned. Lunsford v. Bennett, 17 F.3d 1574, 1582 (7th Cir.1994). In determining whether the force used was "malicious and sadistic," we must consider the need for the application of force, the relationship between the need and the amount of force used, the threat "reasonably perceived by the responsible official," and the extent of any resulting injury. Hudson, 503 U.S. at 6 (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).
 
 
 4
 The record shows and Longstreet admits that he resisted Officer Reiman's attempt to pull him closer to the telephone. This incident occurred after a dispute between the parties concerning Longstreet's request to return to his cell to personally pack his property before being admitted to the hospital. The record also shows that words were exchanged between the parties on account of this episode. The magistrate judge found that these events threatened institutional security and required the officer's attempt to restore discipline.[2] The magistrate judge also found that the force used and Longstreet's injuries, if any, were de minimis. Longstreet attacks this conclusion by correctly maintaining that the absence of a physical injury does not end the Eighth Amendment inquiry. Hudson, 503 U.S. at 6. Nevertheless, our review of the record indicates that the magistrate's order was not based solely on Longstreet's lack of injury. Instead, the judge considered it only as it related to the issue of whether the officer's use of force was sadistic or malicious. Given the evidence in the record supporting the magistrate judge's decision that the officer's use of force was necessary to restore discipline, we find no clear error in the district court's entry of a directed verdict.
 
 
 5
 Plaintiff also challenges the magistrate judge's denial of his motion for judgment on the pleadings. We review de novo the magistrate judge's order denying the plaintiff's motion for judgment on the pleadings. Alexander v. City of Chicago, 994 F.2d 333, 335 (7th Cir.1993). In considering this motion, we must consider only matters presented in the pleadings and must view the facts in the light most favorable to the nonmoving party, defendant Reiman. National Fidelity Life Ins. v. Karaganis, 811 F.2d 357, 358 (7th Cir.1987). In his Answer to Longstreet's complaint, Reiman denied all the material factual allegations of Longstreet's complaint--including the allegation that Reiman used excessive force against Longstreet by shoving him against the walls. Longstreet argues that such a comprehensive denial was tantamount to a lie and entitled him to judgment on the pleadings under Fed.R.Civ.P. 12(c). Longstreet misapprehends the Rule. A motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved. Fed.R.Civ.P. 12(c); National, 811 F.2d at 358. Clearly, this was not the case before the magistrate judge since the contradictory pleadings evinced several unresolved factual issues.
 
 
 6
 For the reasons stated in this order, we AFFIRM the judgment of the magistrate judge.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No statements were filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 On May 25, 1994 during a bench trial, the magistrate judge entered judgment as a matter of law against Longstreet under Fed.R.Civ.P. 50(a). Since this Rule applies exclusively to jury trials, the magistrate judge amended the order stating that Rule 52(c) was the proper basis for the judgment. We construe Longstreet's motion for JNOV as a Fed.R.Civ.P. 59(e) motion to alter or amend the adverse Rule 52(c) judgment
 
 
 [2]
 Longstreet asserts that the magistrate judge's factual findings failed to indicate that Officer Longstreet walked around a desk to grab the lead chain to pull Longstreet toward him. According to Longstreet, this shows that Officer Reiman provoked Longstreet's resistance, rather than merely responded to restore discipline. Assuming that the trial transcript would support Longstreet's view of the facts, no clear error is shown in the magistrate judge's decision that the officer used force to restore discipline