ATLANTIC CASUALTY INSURANCE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. STANLEY BINGHAM, WILLIAM J. DONNELLY, JAMES CLARKIN AND MICHAEL ZUKOTYNSKI, DEFENDANTS-RESPONDENTS.

Argued October 6, 1952—Decided November 3, 1952.

*Mr. Jerome S. Lieb* argued the cause for appellant (*Messrs. Harkavy & Lieb*, attorneys).

*Mr. David E. Feldman* argued the cause for respondent William J. Donnelly (*Messrs. Furst, Furst & Feldman*, attorneys).

*Mr. William Gelfond,* attorney for respondent James Clarkin.

The opinion of the court was delivered by

· WACHENFELD, J.   Stanley Bingham was the owner and operator of an automobile involved in an accident in which a taxi owned by William J. Donnelly was damaged.   James Clarkin and Michael Zukotynski, passengers in the cab, were injured.

All were made defendants in a suit brought by the appellant insurance company in which it sought to cancel, *ab initio,* a policy of insurance issued to Bingham insuring him against liability for bodily injury in the sum of $5,000 for each person and $10,000 for each accident;  against property damage liability in the sum of $5,000 for· each accident, and against medical payments in the sum of $500 for each person.

In the application for the policy, subsequently issued March 1, 1951, Bingham represented to the company that prior insurance held by him had not been canceled nor had his motor vehicle or any driver thereof been involved in an accident during the twelve months next preceding.

The accident occurred on March 18, 1951, after the issuance of the policy, and then for the first time the company learned the representations were untrue.   The complaint alleges, amongst other things:

"*   *   * said motor vehicle and said defendant had been involved in two accidents during the twelve month· period next preceding the application for insurance aforesaid and a prior policy of insurance carried by said defendant, Stanley Bingham, with the American Automobile Insurance Company, had been cancelled by said insurance carrier.

*       *       *       *       *   ·   *       *       ·*

Had the application of the said defendant, Stanley Bingham, correctly stated the facts concerning the previous experience of the said defendant, the plaintiff would have rejected the application and would have refused to issue a policy of insurance to said defendant as an unsatisfactory risk.

Having ascertained the true facts relating to the prior accident and insurance record of the insured, as more fully hereinbefore set

forth, plaintiff, on the 17th day of May, 1951, cancelled the policy of insurance from its date of inception. * * *"

Defendants Clarkin and Zukotynski moved to dismiss the complaint, while Donnelly made application for summary judgment. These motions were all granted and from the judgment so entered appeals were taken to the Appellate Division, which affirmed the result. The cause comes here by granting of a petition for certification.

There was error, it is said, in the court's holding "that the complaint did not set forth a cause of action because the action was barred by the applicability of the Financial Responsibility Act, R. S. 39:6–1," and dissatisfaction is also voiced with the finding that "in the complaint filed, the plaintiff alleges that the named assured had been involved in prior accidents involving approximately $500," asserting the court below assumed such a fact was alleged in the complaint while actually nothing therein permits such an inference.

The criticism possesses little merit in view of the recitations in the complaint itself, setting forth the company had "ascertained the true facts relating to the prior accident and insurance record of the insured" and they showed the assured to be "an unsatisfactory risk" as the "said motor vehicle and said defendant had been involved in two accidents during the twelve month period next preceding * * *" resulting in "two collision claims in the approximate sum of $500." These additional allegations make it obvious there is no justification for a reversal on this ground. There were no disputed facts such as were present in the *Merchants Indemnity Corp. of N. Y. v. Peterson,* 113 *F. 2d* 4 (*3 Cir.,* 1940), relied on by the appellant.

The appellant then urges it "should have been given an opportunity of amending its complaint * * * or such other protection should have been permitted as would have given the plaintiff its day in court on the merits of the action."

The record shows neither an effort or a motion by the appellant to amend nor the nature or substance of the contemplated amendment and we are therefore not warranted, under these circumstances, in granting the relief now sought.

The trial court stressed the policy in question provided the insurance shall "comply with the provisions of the Motor Vehicle Financial Responsibility Law of any state" and correctly determined it appeared from the facts alleged in the complaint that the Financial Responsibility Law, *R. S.* 39:6-1 *et seq.*, was applicable and the act became operative even though the Director of the Division of Motor Vehicles had not called for proof of financial responsibility. *Steliga v. Metropolitan Casualty Co.*, 113 *N. J. L.* 101 (*Sup. Ct.* 1934), affirmed 114 *N. J. L.* 156 (*E. & A.* 1934).

*U. S. Casualty Co. v. Timmerman*, 118 *N. J. Eq.* 563 (*Ch.* 1935), held quite clearly a policy issued in conformity with the Financial Responsibility Act cannot be canceled as against third persons after a loss covered by the policy has occurred, despite the assured's breach of a warranty or a condition precedent, emphasizing the purpose of the statute was to forbid the use of roads to certain persons unless they were able to respond to damages in case they caused injury to others, and that a policy which is void *ab initio* because of a warranty or a condition precedent provides no protection to the public. *Woloshin v. The Century Indemnity Co.*, 116 *N. J. L.* 577 (*Sup. Ct.* 1936).

But the appellant contends it was error to dismiss the complaint even if financial responsibility was involved, because the statute requires insurance for damages to property in the sum of $1,000 while the policy in question affords protection on this item of $5,000 plus certain medical payments, saying: "These latter coverages are not required by the Financial Responsibility Act, and accordingly, are not controlled nor governed thereby. Accordingly, as to this excess coverage, at the very least, the plaintiff was entitled to its day in court."

The complaint did not ask for such partial relief, and even if it had, the excess was specifically waived by Donnelly and there was no liability as to the medical clause.

■ Lastly, error is alleged in the Appellate Division when it held the Financial Responsibility Act applied as the amendment of 1945 was overlooked. It is claimed the Financial Responsibility Act under this amendment would become "effective as of the date such proof is furnished" and the term "such proof" "can only refer to the required filing with the Commissioner of Motor Vehicles of proof of financial responsibility" and "refers to a date * * * subsequent to the issuance of the policy of insurance itself," contending here such proof was neither required nor furnished.

The portion of the 1945 amendment referred to reads:

"Effective as of the date such proof is furnished and to the extent of the coverage required by this chapter and to the extent of the limits of liability specified in section 39:6–18 of this chapter, any policy of motor vehicle liability insurance furnished as proof of financial responsibility pursuant to section 39:6–11 of this chapter, either by the filing of a certificate signed by a duly licensed agent of the company issuing the policy as provided in the said section, or otherwise, shall be deemed amended to conform with and to contain all the provisions required by this chapter, any provision of the policy or certificate to the contrary notwithstanding."

In effect, the appellant argues the protection afforded the public was considerably lessened by the 1945 revision, as financial responsibility under a policy where grounds for cancellation exist does not become fixed until the date proof of financial responsibility is furnished to the Commissioner of Motor Vehicles (now Director of the Division of Motor Vehicles).

We do not think the 1945 amendment was so intended. The first paragraph of section 20 was amended eliminating the necessity for the Commissioner of Insurance to approve forms of policies to be issued by insurance companies and used as a basis for evidence of financial responsibility for the Motor Vehicle Department. There was no intention of reducing the protection already afforded the public, as the

act distinctly provided no. policy should be issued or delivered in the State unless it contained an agreement that the insurance thereunder is provided subject to the coverage and the provisions of the Financial Responsibility Act.

The policy in question was issued in 1951 and specifically states it is in compliance with the statutory mandate so expressed.

In order to provide for those policies already outstanding which either did not assume to embrace coverage under the act or which expressly denied coverage, section (b) above recited was added so that such policies were deemed amended to conform with and to the provisions required by the act effective as of the date proof of financial responsibility was furnished to the Commissioner.

The appellant's policy, however, was not in this category and this provision was therefore inapplicable to it.

Even if it was otherwise, we would not concur in the interpretation sought by the appellant as we cannot conceive it to be the legislative design to infringe upon the public protection it had already wisely established. To blithely resolve to the contrary in construing the language here employed would not be justified or warranted.

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING and BRENNAN —6.

*For reversal*—None.