SAFEWAY INSURANCE COMPANY, Plaintiff-Appellee, *v.* VIRGINIA HARVEY *et al.*, Defendants.—(ALLSTATE INSURANCE COMPANY, Intervenor-Appellant.)

First District (4th Division) No. 61470

Opinion filed February 25, 1976.

Tim J. Harrington, of Chicago (Robert Guilfoyle, of counsel), for appellant.

Alvin R. Becker, of Block, Levy & Becker, of Chicago, for appellee.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

This is an appeal from an order denying the motion of Allstate Insurance Company to intervene and vacate the summary judgment entered in favor of Safeway Insurance Company in a declaratory judgment action to rescind an automobile liability policy.

On May 1, 1971, Felix Robinson was involved in an automobile accident with Virginia Harvey. Harvey subsequently filed a personal injury suit seeking $100,000 in damages against Robinson and his brother, Bobby Gene Robeston, the named insured on an automobile liability policy issued by Safeway. The policy provided liability coverage in the amount of $10,000/20,000 on the insured automobile for 1 year.

On March 8, 1973, Safeway brought suit against Robinson, Robeston and Harvey seeking a declaratory judgment that the policy sued upon was procured through misrepresentation of fact material to the risk and that no duty to pay, defend or indemnify arose. The complaint alleged that the named insured, Robeston, had failed to disclose that Robinson, age 22 and a resident of the household, was and had been a principal driver and operator of the insured automobile. Harvey was served and filed an appearance through her attorneys. Robinson was served but did not appear. Service on Robeston was returned not found and he also did not appear. The court entered summary judgment in favor of Safeway on June 17, 1974. Thirty days later, Harvey moved to vacate the order.

On August 2, Allstate Insurance Company received from Harvey notice of a demand for arbitration under the uninsured motorist clause of a policy issued to her spouse. Shortly thereafter, Allstate served notice on Safeway of its motion to intervene and vacate the summary judgment. Hearing on the motion was set for August 20. Safeway then moved for a hearing on Harvey's motion to vacate. No notice was given to Allstate. The motion was denied on August 14 and Harvey did not appeal.

At the August 20 hearing on its motion to intervene and vacate the summary judgment, Allstate made three principal arguments. First, it claimed to be a necessary party because its obligations under the uninsured motorist provision of the policy issued to Harvey's spouse would be affected by the outcome of the suit. Second the judgment was alleged to be void since Robeston, the named insured on the Safeway policy and an indispensable party to the suit, had not been served. The last contention was that Safeway was prohibited from rescinding the policy because it contained a financial responsibility endorsement and under Illinois law could not be rescinded after an accident. The court rejected these arguments and denied the motion.

Allstate subsequently filed a motion for reconsideration, reiterating its previous arguments and also urging that the judgment was void for lack of jurisdiction over Felix Robinson, the alleged tortfeasor. The original suit named "Felix Robetson" as defendant while subsequent pleadings were changed to "Felix Robinson" without notice or leave of court. In addition, it urged that summary judgment should not have been granted for the reason that the insurance application did in fact identify "Felix Robetson" as a driver of the insured automobile, thereby presenting a material dispute of fact on the face of the motion itself.

Safeway filed an answer denying the allegations contained in Allstate's motion and positing that Allstate was without authority to question the validity of the judgment. It contended that Allstate lacked standing to intervene in the suit because it would be liable to Harvey under the uninsured motorist endorsement of its policy regardless of the outcome of the litigation. The answer also alleged that the petitioner failed to exercise diligence by not seeking to intervene until after final judgment was entered.

The court entered an order denying the motion. Allstate now appeals to this court, presenting for review four issues which allege error by the trial court in (1) denying its motion to vacate where an indispensable party, the named insured, was not served and therefore was not within the jurisdiction of the court; (2) entering summary judgment in favor of Safeway and denying the motion to intervene where a genuine dispute of fact was presented in the motion; (3) refusing to vacate the judgment rescinding an automobile liability policy written to comply with the Illinois Safety Responsibility Law when the statute prohibits rescission of such a policy; and (4) refusing leave to intervene after judgment when Allstate acted in a timely fashion and presented meritorious defenses to the suit.

■■ Safeway does not dispute the fact that Bobby Gene Robeston, the named insured, was never served and never appeared in these proceedings. Under such circumstances, the court had no jurisdiction over this defendant and he would not be bound by the adjudication. (*Flexner v. Farson* (1915), 268 Ill. 435, 109 N.E. 327, *aff'd*, 248 U.S. 289, 63 L. Ed. 250, 39 S. Ct. 97.) Allstate contends, however, that the judgment was void ab initio for the reason that the named insured is an indispensable party to a declaratory judgment action rescinding his policy.

■■ If the interest of an absent party in the matter in controversy is such that no judgment could be entered which would do justice between the parties actually before the court without injuriously affecting the rights of such absent party, that party is indispensable. (*Oglesby v. Springfield Marine Bank* (1944), 385 Ill. 414, 423, 52 N.E.2d 1000.) The

subject matter of this litigation is a policy of liability insurance issued to Robeston, the absent party. By obtaining a summary judgment granting rescission of the policy, Safeway was relieved of its contractual duty to pay, defend or indemnify the insured. It is apparent that Robeston's interests were injuriously affected since his rights in the policy were purportedly determined. Accordingly, we find that Robeston was an indispensable party to the action.

■■■ Basic notions of due process forbid the entry of a decree affecting the interests of a party not before the court. (*Clark v. Village of Milan* (1972), 3 Ill. App. 3d 569, 572, 277 N.E.2d 895.) In fact, it has been repeatedly held that it is error for a court to proceed to a hearing and disposition on the merits of a cause without jurisdiction of indispensable parties. (*Glickauf v. Moss* (1974), 23 Ill. App. 3d 679, 683, 320 N.E.2d 132.) The legal effect of a judgment rendered without jurisdiction over an indispensable party is that the order is null and void. (*People ex rel. Meyer v. Kerner* (1966), 35 Ill. 2d 33, 36, 219 N.E.2d 617.) We hold that the summary judgment order entered without jurisdiction over Robeston, the named insured and an indispensable party, was void in its entirety.

Safeway argues that Allstate is without standing to challenge the validity of the summary judgment because it was not a party to the proceedings at the time the order was entered. *Strader v. Board of Education* (1953), 413 Ill. 610, 110 N.E.2d 191, is cited for the proposition that a petitioner seeking review of a denial of intervention may not raise issues relating to the final judgment entered by the trial court.

■■ Notwithstanding this proposition, if the trial court lacked jurisdiction and therefore had no power to enter the judgment, the order is void and may be attacked at any time by the parties themselves or by any other person who is affected thereby. (*Oak Park National Bank v. Peoples Gas Light & Coke Co.* (1964), 46 Ill. App. 2d 385, 394, 197 N.E.2d 73.) A void judgment may be vacated even after expiration of the prescribed time within which judgments may ordinarily be vacated, based on the inherent power of the court to expunge from its records void acts of which it has knowledge. *Irving v. Rodriguez* (1960), 27 Ill. App. 2d 75, 79, 169 N.E.2d 145.

■■■ The trial court erred in granting summary judgment for an additional reason. The liability policy issued by Safeway contained a financial responsibility endorsement in its declarations. By providing such endorsement, we believe that the insurer contracted to issue a policy in conformity with and subject to the provisions of article III of the Illinois Safety Responsibility Law, known as the Financial Responsibility Act (Ill. Rev. Stat. 1971, ch. 95½, §7—301 *et seq.*). In other words, the fi-

nancial responsibility endorsement was a voluntary adoption by Safeway of the requirements of the Act. Statutory provisions which are applicable to an insurance policy either mandatorily or by voluntary adoption and in force at the time of contracting form a part of the contract and should be construed in connection with the policy. (*Konrad v. Hartford Accident & Indemnity Co.* (1956), 11 Ill. App. 2d 503, 137 N.E.2d 855.) Accordingly, Safeway was subject to section 7—317(f) which provides:

> "Provisions incorporated in policy.—Every motor vehicle liability policy is subject to the following provisions which need not be contained therein:
>
> 1. The liability of the insurance carrier under any such policy shall become absolute whenever loss or damage covered by the policy occurs and the satisfaction by the insured of a final judgment for such loss or damage shall not be a condition precedent to the right or obligation of the carrier to make payment on account of such loss or damage.
>
> 2. No such policy may be cancelled or annulled as respects any loss or damage, by any agreement between the carrier and the insured after the insured has become responsible for such loss or damage, and any such cancellation or annulment shall be void."

The clear meaning of this section is that such policies are absolute as to injured third parties. In other words, an insurer under any motor vehicle liability policy is precluded, as against innocent persons involved in an accident, from seeking rescission based on the insured's misrepresentations. Under this view, any defense such as misrepresentation in procurement of the policy is no longer available to the insured. Clearly, Safeway's motion for summary judgment against the claimant, Virginia Harvey, should have been denied.

It would be logically inconsistent for Safeway to issue a policy containing a financial responsibility endorsement in compliance with the Act and then by voiding the policy after an accident has happened, exempt itself from the provision making the liability absolute.

This situation is analogous to the one in *Landis ex rel. Talley v. New Amsterdam Casualty Co.* (1952), 347 Ill. App. 560, 107 N.E.2d 187. There, the plaintiff instituted a garnishment action based on an automobile garage liability policy issued to his employer insuring a truck. The insurer defended on the ground that the plaintiff was using the truck for his own personal use and pleasure at the time of the accident and that such use was not within the policy coverage. Because a provision of the policy stated that the insurance would comply with the provisions of the motor vehicle financial responsibility law of any state

applicable with respect to the liability covered, the court found that the reference to such law resulted in the conclusion that the statutory omnibus clause would be read into the policy.

"The fact that the Statute requires the inclusion of an omnibus clause in a liability insurance policy makes such inclusion mandatory and the provision will be read into the policy to broaden the coverage of automobile liability policies consistent with the clear public policy reflected in the Statute (*Jordan v. Shelby Mutual Plate Glass & Casualty Co.*, 142 F.(2d) 52). A liberal interpretation of the coverages of such policies is consistently adhered to." 347 Ill. App. 560, 566.

In *Konrad v. Hartford Accident & Indemnity Co.* (1956), 11 Ill. App. 2d 503, 137 N.E.2d 855, the plaintiff sued an insurance company to collect a personal injury judgment on an insurance policy issued to cover all the vehicles of the named insured, who was the employer of the tortfeasor. The policy contained a statement that the insurance afforded would comply with the provisions of the motor vehicle responsibility laws of any state. The court construed this provision as a voluntary adoption of the statutory omnibus clause and wrote it into the policy.

In *Hartford Accident & Indemnity Co. v. Holada* (1970), 127 Ill. App. 2d 472, 262 N.E.2d 359, the insurer instituted a declaratory judgment action for construction of an automobile insurance policy. The complaint sought a judicial determination that the insurer owed no coverage to defendants under the provisions of its policy applicable to uninsured motorists, where the policy afforded protection against uninsured automobiles and the defendants were injured by a motor scooter. The case did not turn on construction of the word "automobile" as used in the policy, but rather upon a statute requiring the policy to afford injured persons protection against owners and operators of uninsured motor vehicles. The court found that a motor scooter was to be considered as included in the policy protection against uninsured motorists, citing with approval *Konrad v. Hartford Accident & Indemnity Co.* (1956), 11 Ill. App. 2d 503, 137 N.E.2d 855.

New Jersey courts have consistently taken a position similar to the one adopted by this court: *United States Casualty Co. v. Timmerman* (1935), 118 N.J. Eq. 563, 180 A. 629; *Century Indemnity Co. v. Simon* (D. N.J. 1948), 77 F. Supp. 221. In *Atlantic Casualty Insurance Co. v. Bingham* (1952), 10 N.J. 460, 92 A.2d 1, an insurer brought suit to cancel ab initio a policy of liability insurance alleged to have been issued in reliance on defendant's misrepresentation that his prior insurance had not been canceled and that he had not been involved in an accident during the preceding year. The policy stated that the in-

surance would comply with the provisions of the motor vehicle financial responsibility. laws of any State. The Supreme Court of New Jersey agreed with the lower court decision holding that the financial responsibility law was applicable and that the act was operative even though proof of financial responsibility had not been called for by the director of the motor vehicle division. Relying on prior New Jersey cases, the court reaffirmed at page 3 of its opinion the holding that "* * * a policy issued in conformity with the Financial Responsibility Act can not be canceled as against third persons after a loss covered by the policy has occurred, despite the assured's breach of a warranty or a condition precedent, * * *."

We are aware of the conflict in the cases on the issue of reading specific provisions of the Financial Responsibility Act into a motor vehicle liability policy. In *Gray v. Maryland Casualty Co.* (E.D. Ill. 1957), 152 F. Supp. 520, the district court summarized prior decisions dealing with the issue of reading the omnibus clause into an insurance policy where the policy states that its provisions comply with the financial responsibility law. It found that an even split existed among the four opinions pertaining to the question. That court decided an omnibus clause could not be written into a garage liability policy as authorized by the Financial Responsibility Act in the absence of a showing that the insured by his previous conduct brought himself within the purview of the Act. In so holding, however, the court stated the following at page 523 of its opinion:

> "The maxim that a policy of insurance should be most strongly construed against the insurer does not mean that the courts should lean over backwards to hold against the insurer where the sensible interpretation of the law would dictate otherwise and courts are not authorized to rewrite contracts of insurance for the parties where the law does not demand or require such rewriting."

■■ We believe that the explicit statutory provision imposing absolute liability on an insurance carrier whenever loss or damage covered by the policy occurs, regardless of whether the policy contains such a provision, is capable of only one sensible interpretation; that is, the provision is to be read into and construed as part of the policy. This interpretation is also consistent with the public policy behind the Act.

> "The Financial Responsibility Act was enacted not merely to regulate the rights of operators and owners of motor vehicles, but also to control the obligations and rights of insurers issuing policies thereunder. Policies issued pursuant to the Act should be liberally construed to protect the general public from loss caused by the negligence of the insured." (*Iowa National Mutual Insur-*

*ance Co. v. Fidelity & Casualty Co.* (1965), 62 Ill. App. 2d 297, 304-05, 210 N.E.2d 622.)

In construction of a statute, it is proper for the court to look at the evils to be remedied and the objects and purposes to be obtained, and where a statute has been enacted to meet a need of the people, it must be liberally construed to carry out the intent of the legislature. *Prosk v. Allstate Insurance Co.* (1967), 82 Ill. App. 2d 457, 459, 226 N.E.2d 498.

The final issue in this case involves the trial court's denial of Allstate's motion to intervene after final judgment. Since the summary judgment was void, we need not discuss the issues of whether the motion was timely made and whether the trial court erroneously assumed it had lost jurisdiction at the time of the rehearing on the motion.

Safeway contends that the August 20, 1974, order denying Allstate's motion for intervention is not reviewable because the order was not designated in the notice of appeal. However, our review of the record shows that the notice of appeal sought review of the order entered on October 11, 1974, which we deem to be the final order entered in the case.

■■ Intervention as of right is permitted when the representation of the applicant's interests by existing parties is or may be inadequate and the applicant will or may be bound by a judgment, decree or order in the action. (Ill. Rev. Stat. 1971, ch. 110, §26.1.) Denial of intervention in this case was improper for two reasons. First, if the policy was declared null and void, Allstate would be compelled to pay under the uninsured motorist provision of its policy. Allstate should not be required to rely on its insured, Harvey, to represent and protect its interests. In *Wert v. Burke* (1964), 47 Ill. App. 2d 453, 197 N.E.2d 717, the court defined "adequate" representation as meaning "legally sufficient" and concluded that no reasonable man confronted with a factual situation similar to the instant case would rely on the defendants for representation. Second, a judgment entered against an uninsured motorist is binding on an insurer who has provided uninsured motorist protection. (*Wert v. Burke* (1964), 47 Ill. App. 2d 453, 456-57, 197 N.E.2d 717.) Under these circumstances, Allstate should have been permitted to intervene. We therefore reverse the trial court on this issue.

For the foregoing reasons, the judgment of the circiut court of Cook County is reversed and the case is remanded with instructions to grant the petitioner leave to intervene and for further proceedings consistent with the views expressed herein.

Reversed and remanded.

ADESKO and DIERINGER, JJ., concur.