NORMAN B. UDSTUEN, Plaintiff-Appellant, v. WILLIAM J. PATTER-
SON, Defendant-Appellee.

Third District   No. 3—89—0565

Opinion filed May 31, 1990.—Rehearing denied July 5, 1990.

Gomien, Root & Rigazio, of Morris (James E. Priestley, of counsel), for
appellant.

E. Kent Ayers and Dinah Lennon Archambeault, both of Murphy, Timm,
Lennon, Spesia & Ayers, of Joliet (Neil T. Goltermann, of counsel), for ap-
pellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the
court:

Plaintiff filed a personal injury complaint more than two years af-
ter his accident and the complaint was dismissed. The trial court
ruled that the claim was barred by the statute of limitations. Plaintiff
appeals on the grounds that his accident rendered him physically inca-
pacitated and thus legally disabled so that the statute of limitations
was tolled.

The simple facts are that the 80-year-old plaintiff, Norman Ud-
stuen, was struck by a vehicle on November 1, 1985, as he walked
across a street in Morris, Illinois. As a result of the incident, plaintiff

sustained serious leg injuries. Plaintiff filed a complaint against defendant, William J. Patterson, on January 12, 1989, alleging defendant's negligence and seeking damages. Plaintiff also alleged that he was physically incapacitated and unable to manage his estate from the date of the accident until August 3, 1987. On April 10, 1989, defendant filed a motion to dismiss the complaint pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(5)), in that the cause of action was not filed within two years of the date of the accident.

Plaintiff filed a reply to defendant's motion to dismiss, stating that although the action was not commenced within the proscribed two-year limitation period, he was entitled to a tolling of the statute of limitations because of his physical incapacity. Plaintiff attached the affidavit of his sister, Sadie Udstuen, which stated that Ms. Udstuen lived with the plaintiff before the accident and after August 3, 1987, and that plaintiff was continuously confined in health care facilities from the time of the accident until August 3, 1987, suffering from leg injuries which required eight operations and continuous pain medication.

It is correct that the statute of limitations is tolled during a period of legal disability (Ill. Rev. Stat. 1987, ch. 110, par. 13—211). It is also correct that physical incapacity may constitute legal disability (Ill. Rev. Stat. 1987, ch. 110½, par. 11a—2).

Defendant's motion to dismiss proceeded to a hearing solely on the basis of the plaintiff's sister's affidavit. Plaintiff contends that the affidavit shows that he was under a disability and that, in any event, it raised a factual question which entitled him to a jury determination. We disagree on both counts.

Giving the affidavit its most favorable interpretation, it shows only that the plaintiff was injured and thereafter confined in a health care facility for a period of time. Many people are injured and confined in health care facilities who are not thereby legally disabled. Standing alone, the affidavit is insufficient. Lacking was a factual basis for concluding that the plaintiff was not fully able to manage his person or estate. Whether the affidavit could have been expanded to include facts which might have pointed to that conclusion is purely conjectural. Had plaintiff requested it, he would have been entitled to an evidentiary hearing to present witnesses on the question of his physical incapacity as it related to disability. The record does not disclose such a request and no such evidence was offered. Rather, plaintiff proceeded to a hearing on defendant's motion to dismiss solely on the basis of his sister's affidavit, which we find to be insufficient.

■ Since the facts alleged in the affidavit were not disputed, but, rather, the legal conclusion (*i.e.*, whether the facts constitute legal disability) drawn from those undisputed facts was in dispute, there was no genuine issue of fact. (*Sharp v. Gallagher* (1981), 94 Ill. App. 3d 1128.) In light of the fact that no genuine issue of fact existed, no jury decision was warranted. The only issue before the trial court was one of law, which is properly determined by a judge. Ill. Rev. Stat. 1989, ch. 110, par. 2—619(c).

Accordingly, the decision of the trial court granting the motion to dismiss is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.