STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee, v. DAWN MARIE HASKINS *et al.*, Defendants-Appellants.

Second District   No. 2—90—1280

Opinion filed June 25, 1991.

James R. Murphy, of Law Offices of J. Robert Murphy, of Aurora, for appellant Dawn Marie Haskins.

Richard R. Solomon, of Richard R. Solomon & Associates, of Aurora, for appellant Walter Huhn.

James J. Kenney and Peter G. Limperis, both of Palivos Law Firm, Ltd., and James A. McCarron, both of Chicago, for appellant Barbara Quinones.

James S. Jendryk, of Querrey & Harrow, Ltd., of Wheaton, and Timothy J. Fagan, Ellen L. Karecki, and Michael Resis, all of Querrey & Harrow, Ltd., of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Defendants, Dawn Haskins, Walter Huhn and Barbara Quinones, appeal from a decision of the trial court granting plaintiff, State Farm Automobile Insurance Company, judgment on its complaint for declaratory relief. Defendants argue: (1) necessary and indispensable parties were not joined in the action; (2) State Farm's failure to file a written response to Quinones' affirmative defense constituted an admission of coverage; (3) the trial court erred by not granting Quinones a continuance to locate and secure the testimony of a witness; (4) the trial court erred by not striking the testimony of a witness who was allowed to remain in the courtroom while other witnesses were testifying; and (5) the decision of the trial court was against the manifest weight of the evidence. We affirm.

In September 1986, Jose Sanchez obligated himself on a loan so that his brother, Angel Sanchez, could acquire an automobile. At the time, Angel had just moved from Puerto Rico and was living with Jose. Jose also purchased insurance coverage on the automobile from State Farm, and he was the named insured under the policy.

In November, Angel moved to a new residence which he shared with Maria Rivera and three of her four children. Although Rivera's other son, Jose Soto, did not reside in the home with his mother and Angel, Soto did have a key to the Sanchez/Rivera home and ate most of his meals there.

On December 12, Soto was driving the vehicle purchased for Angel and was involved in an accident. At the time of the collision, Huhn, Quinones and Haskins were passengers in the vehicle.

The passengers filed personal injury suits against Soto, Angel and Jose Sanchez. State Farm filed a declaratory judgment action naming Soto, Huhn, Haskins and Quinones as defendants. State Farm claimed it was not obligated to provide Soto with a defense in the underlying personal injury lawsuits and could not be held liable to pay any judgments imposed against him as a result of the lawsuits. Angel and Jose Sanchez were not made parties to the declaratory action.

After a bench trial, the trial court found Soto had not been a permissive user of the vehicle. The court determined that State Farm did not owe a defense to Soto as the policy in force did not cover Soto. The court entered judgment for State Farm. Huhn, Quinones and Haskins appeal from this decision.

The first issue we address is defendants' contention that the court's order is void since Jose and Angel Sanchez were not named as party defendants in the declaratory action. Defendants contend Jose and Angel are necessary and indispensable parties to the declaratory judgment proceedings.

■■■ A necessary and indispensable party is one whose presence in the litigation is required: when a substantial interest of an absent party will be affected by a judgment entered in his or her absence; or to reach a decision which will protect the interests of the parties before the court; or to allow the court to resolve completely the controversy. (*West Bend Mutual Insurance Co. v. Salemi* (1987), 158 Ill. App. 3d 241, 252.) A court lacks jurisdiction to enter an order or judgment which affects the rights of a party not properly before the court. (*Lain v. John Hancock Mutual Life Insurance Co.* (1979), 79 Ill. App. 3d 264, 269.) An order entered by a court without jurisdiction over a necessary party is null and void. *People ex rel. Meyer v. Kerner* (1966), 35 Ill. 2d 33, 38.

■ Defendants did not raise the issue of nonjoinder of necessary parties at trial, but this issue may be raised for the first time on appeal. (See *Hobbs v. Pinnell* (1959), 17 Ill. 2d 535, 536.) However, when an objection to the nonjoinder of a necessary party is first raised *after* judgment, it will be rejected unless the absent party was deprived of material rights without being heard or the absent party's interests in the litigation are so interconnected with the named parties' interests that the presence of the absent party is absolutely necessary. *Davidson v. Comet Casualty Co.* (1980), 89 Ill. App. 3d 720, 725.

■ Defendants claim that Angel's and Jose's rights might have been compromised by the court's judgment "as issues of agency and negligent entrustment may be litigated in the [underlying] personal injury cause of action." While it is true these issues may be litigated in the underlying action, the instant declaratory action did nothing to impair Angel's and Jose's rights with respect to coverage under the State Farm insurance policy. State Farm does not dispute coverage exists for Angel and Jose Sanchez. State Farm admits it owes these two persons a defense in the underlying suit. Their rights could not have been and were not affected by the declaratory judgment action.

Defendants cite *Safeway Insurance Co. v. Harvey* (1976), 36 Ill. App. 3d 388, to support their position that the named insured is an indispensable party to a declaratory judgment action. However, in *Safeway*, the plaintiff insurance company sought and was granted rescission of a policy of insurance due to misrepresentation. (*Safeway*, 36 Ill. App. 3d at 390.) The named insured was never served. The reviewing court held that, since the company was relieved of its contractual duty to pay, defend or indemnify the named insured as a result of the judgment entered in the declaratory action, it was obvious the named insured's interests were injuriously affected. (*Safeway*, 36 Ill. App. 3d at 392.) Therefore, the named insured was held to be an indispensable party to the litigation, and the judgment entered in his absence was void. *Safeway*, 36 Ill. App. 3d at 392.

Unlike in *Safeway*, in the case at bar, Angel and Jose were not deprived of material rights by the court's determination of Soto's coverage under the insurance policy. Angel and Jose retained all rights under the policy in question. State Farm still had the obligation under the policy to defend, pay, or indemnify Angel and Jose. We determine Angel and Jose Sanchez were not necessary parties to the declaratory judgment action.

Defendants next contend State Farm admitted Soto was a permissive user of the automobile by not responding in writing to Quinones' affirmative defense which alleged this fact.

■■ It is true that failure to reply to an affirmative defense constitutes an admission of the allegations contained therein. (Ill. Rev. Stat. 1987, ch. 110, par. 2—610(b); *Lundberg v. Gage* (1961), 22 Ill. 2d 249, 251.) However, if the complaint itself negates the affirmative defense, no reply is necessary. (*Warren Barr Supply Co. v. Haber Corp.* (1973), 12 Ill. App. 3d 147, 149.) The court should liberally construe the rule excusing the filing of a reply to an affirmative defense. *Adams v. Zayre Corp.* (1986), 148 Ill. App. 3d 704, 711.

■■ Plaintiff's complaint alleged Soto took the vehicle from Angel's home without Angel's permission. Quinones' affirmative defense alleges Angel granted Soto permission to use the vehicle. Quinones' affirmative defense was simply a contrary statement of fact which was negated by the complaint. It was not necessary for State Farm to file a written reply to the alleged affirmative defense.

Additionally, we note defendants have waived any objection to the failure to file a reply to the affirmative defense by introducing evidence in support of the allegations contained in the affirmative defense and fully litigating the issues raised by the affirmative defense.

*Mooney v. Underwriters at Lloyd's, London* (1965), 33 Ill. 2d 566, 570.

■■ ■ Defendants next contend the court erred by not granting Quinones' request for a continuance to obtain the testimony of a particular witness. It is within the trial court's sound discretion to grant a request for a continuance, and its decision will not be disturbed absent a manifest abuse of that discretion. *Feder v. Hiera* (1980), 85 Ill. App. 3d 1001, 1002.

Supreme Court Rule 231(a) provides:

> "If either party applies for a continuance of a cause on account of the absence of material evidence, the motion shall be supported by the affidavit of the party so applying or his authorized agent. The affidavit shall show (1) that due diligence has been used to obtain the evidence, or the want of time to obtain it; (2) of what particular fact or facts the evidence consists; (3) if the evidence consists of the testimony of a witness, his place of residence, or if his place of residence is not known, that due diligence has been used to ascertain it; and (4) that if further time is given the evidence can be procured." (134 Ill. 2d R. 231(a).)

In the case at bar, defendants did not submit an affidavit to the court. This court has previously stated: "A denial of a motion for continuance cannot be regarded as an abuse of discretion where the requirements of Supreme Court Rule 231(a) [(134 Ill. 2d R. 231(a))] have not been met." (*Mikarovski v. Wesson* (1986), 142 Ill. App. 3d 193, 195.) While defendants did inform the court of the nature of the testimony the witness would provide, defendants did not establish due diligence had been used to obtain the evidence or that, if further time were allowed, the evidence could be produced. The witness was known to defendants at the time of the accident. In fact, defendants had previously secured an affidavit from the witness which was filed some eight months prior to trial. While defendant indicated the witness had no permanent address and was hard to track down, defendants offered no excuse as to why they had not attempted to subpoena the witness prior to the start of trial. Additionally, the difficulty involved in locating the witness supports a finding that, even with additional time, the evidence would probably not be procured. The court did not abuse its discretion in denying defendants' request for a continuance.

■■ The next issue we address is defendants' contention the court erred by not striking the testimony of Angel Sanchez as he was allowed to remain in the courtroom while other witnesses were testifying after a motion to exclude witnesses was allowed. Defendants' ar-

gument consists of seven sentences with no citation to authority in violation of Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)). It is well established that bare contentions without argument or citation to authority do not merit consideration on appeal. (*Deckard v. Joiner* (1970), 44 Ill. 2d 412, 419.) Defendants have waived this contention on appeal.

■■■ Defendants lastly contend the court erred when it found Soto was not a permissive user of the vehicle. The findings of the trial court will not be set aside unless they are contrary to the manifest weight of the evidence. (*Hill v. Hill* (1979), 79 Ill. App. 3d 809, 814.) There was substantial testimony indicating Soto did not have permission to use the automobile. Soto himself testified he did not have permission to use the vehicle. While defendants point out certain inconsistencies in the testimony, the credibility of the witnesses is for the trial court to determine. (*Northlake Community Hospital v. Cadkin* (1977), 55 Ill. App. 3d 344, 349.) The trial court's finding is not against the manifest weight of the evidence.

For the above-stated reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

BOWMAN and INGLIS, JJ., concur.