*In re* MARRIAGE OF SUSANNAH LERNER, Petitioner-Appellant, and ROBERT M. LERNER, Respondent-Appellee.

First District (3rd Division)   No. 1—98—3696

Opinion filed September 29, 2000.

Diane M. Bruzas, of Chicago, for appellant.

Thomas H. Stern & Associates, P.C., of Chicago, for appellee.

JUSTICE CERDA delivered the opinion of the court:

Petitioner, Susannah Lerner, has appealed for the second time a matter concerning the October 22, 1990, postdivorce judgment which ordered that respondent, Robert M. Lerner, pay support and medical expenses for their disabled adult child, Andrew Lerner.

## FACTS

In the prior appeal of petitioner, this court reversed the circuit court order of August 27, 1992, which vacated the support order of October 22, 1990, and we reinstated the support order of October 22, 1990. *In re Marriage of Lerner*, No. 1—92—3310 (1994) (unpublished order under Supreme Court Rule 23).

On September 2, 1998, the circuit court entered an order that respondent Robert Lerner had no obligation to pay support or medical expenses for his adult child because a probate court determination of disability was required prior to a domestic relations court having jurisdiction to award support for a disabled adult child.

The circuit court determined that the September 2, 1998, order involved the following question of law:

"Whether an alleged mentally disabled person is a necessary party to a petition pursuant to Section 5/513(a)(1) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/513) to determine the nature and extent of his disability, when it occurred, whether it is temporary or permanent in nature."

The September 2, 1998, order is the subject of this appeal. We reverse and remand for further proceedings.

The circuit court order of October 22, 1990, determined that Andrew, who was an adult at that time, was disabled pursuant to section 513 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/513 (West 1998)) (the Act) and was in need of support. Robert was ordered to pay support to Susannah for Andrew. Judgment was entered in favor of Susannah and against Robert for $28,387.72 for Andrew's medical expenses.

The circuit court thus found that, under section 513, Andrew was disabled prior to his eighteenth birthday. If the court had found that Andrew had become disabled after he became an adult, the circuit court could not have ordered Robert to pay support for Andrew pursuant to section 513.

According to the prior Rule 23 order, petitioner filed, on November 21, 1989, a petition for support of Andrew, who allegedly was mentally disabled since before his eighteenth birthday. On September 18, 1990, an order of default was entered against respondent based on his failure to file an appearance, appear in court on that date, and to comply with discovery orders. A prove up was held on October 17, 1990, and on October 22, 1990, the trial court granted petitioner's request. Respondent was ordered to maintain medical insurance for Andrew so long as Andrew was disabled, to pay a portion of Andrew's medical bills to date, and to pay $1,500 per month to petitioner for Andrew's support.

Also according to the Rule 23 order, on May 15, 1991, respondent filed a petition to vacate the October 22, 1990, order. On August 27, 1992, the trial court vacated the October 22, 1990, order with respect to Andrew, noting that there was no prior determination of his disability and that petitioner lacked standing to bring such a petition for an adult. Petitioner appealed from the 1992 order.

The appellate court held that respondent's petition to vacate should have been denied because he had not established due diligence in bringing the petition. The trial court's order of October 27, 1992, was vacated.

On March 26, 1997, respondent filed a petition to declare the

October 22, 1990, order void. He argued that no notice of the proceedings had been served on Andrew under the Probate Act of 1975 (755 ILCS 5/1—1 *et seq.* (West 1998)).

On September 2, 1998, the trial court granted respondent's second motion to vacate. The order stated the following:

(1) A probate court proceeding was necessary for Andrew to have a legal representative to determine the nature and extent of Andrew's disability, if it did exist. The probate court would have to determine the date when the disability originated and whether it was permanent or temporary. The domestic relations court would then have jurisdiction to determine the amount of support based upon that disability.

(2) The October 22, 1990, order was not void.

(3) The October 22, 1990, order finding Andrew disabled pursuant to section 513 was binding only on respondent.

(4) The October 22, 1990, order was not binding on Andrew. Until the nature and extent of Andrew's disability were determined, the court would not authorize any support payments for Andrew, past or present, nor authorize any expenses, past or present, to be paid on his behalf or to be incurred on his behalf.

(5) Respondent had no obligation for any expenses incurred for Andrew, including payments to petitioner, pursuant to the October 22, 1990, order, up to July 8, 1998, because the October 22, 1990, order was not binding on Andrew.

The order also certified the question of law that was quoted above.

On September 30, 1998, the trial court found that, under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), petitioner could appeal from the September 1, 1998, order.

On October 1, 1998, petitioner filed a notice of appeal.

## ANALYSIS

Preliminarily, we note that, as the trial court subsequently made a Supreme Court Rule 304(a) finding, we are not limited to the certified question that was made pursuant to Supreme Court Rule 308. 155 Ill. 2d Rs. 304(a), 308.

Petitioner first argues that it was not necessary under section 513 of the Act that a prior probate court proceeding determine the nature and extent of Andrew's disability.

Our standard of review is *de novo* because this issue concerns statutory interpretation. *First Bank & Trust Co. v. King*, 311 Ill. App. 3d 1053, 1059, 726 N.E.2d 621 (2000).

■ Section 513 of the Illinois Marriage and Dissolution of Marriage Act states in relevant part:

"(a) The court may award sums of money out of the property

and income of either or both parties or the estate of a deceased parent, as equity may require, for the support of the child or children of the parties who have attained majority in the following instances:

(1) When the child is mentally or physically disabled and not otherwise emancipated, an application for support may be made before or after the child has attained majority." 750 ILCS 5/513 (West 1998).

■ The overriding objective in interpreting a statute is to ascertain and give effect to the intent of the legislature. *Roser v. Anderson*, 222 Ill. App. 3d 1071, 1075, 584 N.E.2d 865 (1991). To ascertain the legislature's intent, we first look to the plain language of the statute. *Burnett v. Safeco Insurance Co.*, 227 Ill. App. 3d 167, 173, 590 N.E.2d 1032 (1992). Language is to be given its ordinary and popularly understood meaning. *Roser*, 222 Ill. App. 3d at 1075. In addition to the language chosen by the legislature, the court should consider the reason for the law, the evil to be remedied, and the purpose to be obtained thereby. *Roser*, 222 Ill. App. 3d at 1075. The Illinois Marriage and Dissolution of Marriage Act, of which section 513 is a part, is to be liberally construed. *In re Marriage of Brand*, 123 Ill. App. 3d 1047, 1052, 463 N.E.2d 1037 (1984).

■ There is no reference in section 513 to a probate court proceeding. That the term "disabled" is not defined does not demonstrate a legislative intent that the child first be declared disabled in a probate court proceeding. The legislature could have provided such a prerequisite; as it did not, it intended a distinct proceeding in which a parent can seek support for a disabled adult child even if he has the ability to manage his own affairs. Section 513 implicitly gives the trial judge in a proceeding brought before it the power to determine if a child is disabled within the meaning of the Act.

■ The Probate Act permits the appointment of a guardian for a disabled person who because of his disability (a) lacks sufficient understanding or capacity to make or communicate responsible decisions concerning the care of his person or (b) is unable to manage his estate or financial affairs. 755 ILCS 5/11a—3 (West 1998). The Probate Act defines "disabled person" as "a person 18 years or older who (a) because of mental deterioration or physical incapacity is not fully able to manage his person or estate, or (b) is a person with mental illness or a person with a developmental disability and who because of his mental illness or developmental disability is not fully able to manage his person or estate, or (c) because of gambling, idleness, debauchery or excessive use of intoxicants or drugs, so spends or wastes his estate as to expose himself or his family to want or suffering." 755 ILCS 5/11a—2 (West 1998).

In construing section 513, the courts have used dictionary definitions of disabled that do not, in contrast to the Probate Act's definition, concern the inability to manage one's affairs. See *In re Marriage of Winters*, 160 Ill. App. 3d 277, 282, 512 N.E.2d 1371 (1987) ("the inability to pursue an occupation or perform services for wages because of physical or mental impairment"); *In re Marriage of Thurmond*, 306 Ill. App. 3d 828, 832, 715 N.E.2d 814 (1999) ("incapacitated by or as if by illness, injury, or wounds").

■ Because of the different purposes of section 513 and of the Probate Act's provision for appointment of a guardian, a child could be disabled within the meaning of section 513 and not be disabled within the meaning of the Probate Act. For example, a child could become temporarily physically disabled one day before his eighteenth birthday and not be able to support himself but still be able to manage his estate and financial affairs. In that case, he would not be entitled to the appointment of a guardian under the Probate Act (see *Udstuen v. Patterson*, 198 Ill. App. 3d 67, 68, 555 N.E.2d 750 (1990) (a person was not legally disabled who was injured and confined in a health-care facility for a period of time because she could still fully manage her person and estate)), but a parent could seek disabled-adult child support for him under section 513.

We conclude that a probate court's determination of disability is not required by section 513 and that a domestic relations judge has the power to make a determination of disability pursuant to a section 513 petition.

■ Petitioner also argues that the trial court erred in not enforcing the prior order of support that it did not find void. Petitioner is correct. Even if the order was not binding on Andrew, it was binding on respondent to pay petitioner for Andrew's support.

Petitioner also argues that Andrew was not a necessary party to the proceedings on her petition. Respondent argues that Andrew was a necessary party and that, because of his nonjoinder, the order of October 22, 1990, was void.

■ There is authority that an order entered by a court without jurisdiction over a necessary party is void. *E.g., State Farm Mutual Automobile Insurance Co. v. Haskins*, 215 Ill. App. 3d 242, 245, 574 N.E.2d 1231 (1991). It has also been stated that the issue of nonjoinder of necessary parties can be raised for the first time on appeal. *Haskins*, 215 Ill. App. 3d at 245.

■ We conclude that Andrew was not a necessary party under section 513. Therefore we do not have to determine whether respondent's second petition timely raised the issue of the order's voidness because of the lack of a necessary party.

The Code of Civil Procedure does not contain one provision specifying who must be joined as a party. A necessary party is one whose presence is required for any one of three reasons: (1) to protect an interest that the absent person has in the subject matter of the controversy that would be materially affected by a judgment entered in his absence; (2) to reach a decision that will protect the interests of those parties before the court; and (3) to enable the court to make a complete determination of the controversy. *Lain v. John Hancock Mutual Life Insurance Co.*, 79 Ill. App. 3d 264, 268-69, 398 N.E.2d 278 (1979).

Although Andrew was the subject of the proceeding, his joinder as a party was not necessary to make a complete determination of the controversy. His joinder was also not necessary to reach a decision that would protect the parties before the court. The only one of the three reasons for finding joinder necessary, as stated in *Lain*, 79 Ill. App. 3d at 268-69, that is possibly applicable to this case is to protect an absent party's interest that would be materially affected.

However, we conclude that Andrew's joinder was not necessary to protect his interest in receiving child support; his mother was representing that interest. Andrew might have an objection to being found disabled in this proceeding; however, no rights are being taken away from him based on the determination of disability. He was found disabled only for the purposes of section 513. In fact, Andrew benefitted from the judgment because he will have the benefit of the funds paid to his mother. Respondent's concerns over the "intolerable problems" that will exist because of this order's finding of disability are specious. No one has been appointed guardian to handle Andrew's affairs; he is not hampered by the section 513 finding.

The trial court erred in finding that the child support obligation established in the 1990 order was not binding on respondent.

We will not address respondent's additional argument that Andrew was emancipated at the time of the section 513 petition because the fact of Andrew's emancipation would not make the 1990 order void. See *Siddens v. Industrial Comm'n*, 304 Ill. App. 3d 506, 511, 711 N.E.2d 18 (1999) (a judgment or order is void where it is entered by a court or agency which lacks personal jurisdiction, subject-matter jurisdiction, or the inherent power to enter the particular judgment or order, or where the order is procured by fraud). Respondent does not argue that the trial court lacked the authority to make the determination under section 513 but rather that its decision was erroneous because Andrew was emancipated.

However, we note that the order of October 22, 1990, implicitly found that Andrew was not emancipated. If the court had found that

Andrew was indeed emancipated, it could not have ordered respondent to pay for the support of an adult.

We find that the circuit court's ruling that a probate court proceeding with a legal representative for a child, in which it is found that the child is disabled, is necessary before the domestic relations court would have jurisdiction to issue an order of support upon the divorced parent was erroneous.

We further find that the court's ruling that, until the probate court determines the nature and extent of Andrew's disability, the court would not authorize any past or present support or expense payments for Andrew was erroneous.

The time has come when Robert must begin complying with the support and medical expense provisions of the October 22, 1990, court order. He should no longer delay fulfilling his obligation to support his child.

The judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

HALL, P.J., and WOLFSON, J., concur.